UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

__JENNIFER SAUNDERS__

NAME OF PLAINTIFF(S)

__NYC__
__DEPT. OF ~~[scratched out]~~__
__EDUCATION__

NAME OF DEFENDANT(S)

CV 07 2725

COMPLAINT

FEUERSTEIN, J.

BLOOM, M.J.

RECEIVED
JUL - 3 2007
PRO SE OFFICE

This action is brought for discrimination in employment pursuant to (check only those that apply):

✓ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
**NOTE:** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

_____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

_____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

Jurisdiction is specifically conferred upon this United States District Court by the aformentioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1. Plaintiff resides at:

   175 PROSPECT ST., APT. 23E    EAST ORANGE
   Street Address

   ESSEX    , NJ    , 07617    , (973) 678-2881
   County     State    Zip Code    Telephone Number

2. Defendant(s) resides at, or its business is located at:

   65 COURT ST.
   Street Address

   KINGS    , BROOKLYN    , NJ    , 11242
   County    City    State    Zip Code

3. The address at which I sought employment or was employed by the defendant(s) is:

   SAME-AS-ABOVE
   Street Address

   _____ , _____ , _____ , _____
   County    City    State    Zip Code

4. The discriminatory conduct of which I complain in this action includes (check only those that apply).

_____ Failure to hire.

_____ Termination of my employment.

_____ Failure to promote.

_____ Failure to accommodate my disability.

✓ Unequal terms and conditions of my employment.

✓ Retaliation

_____ Other acts (specify): _____

NOTE: *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5. It is my best recollection that the alleged discriminatory acts occurred on:
   3·10·05 · 9/5/04.
   Date(s)

6. I believe that the defendant(s) (check one)

   ✓ is still committing these acts against me.

   _____ is **not** still committing these acts against me.

7. Defendant(s) discriminated against me based on my:
   (check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged)

   ✓ race _____     [ ] color _____

   ✓ gender/sex _____     [ ] religion _____

   [ ] national origin _____

   ✓ age _____     My date of birth is: 1·15·07
                                                    Date

   [ ] disability _____

NOTE: *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

8. The facts of my case are as follows:

_SEE ATTACHED LETTERS_

_____

_____

_____

_____

_____

_____

_____

_____

(Attach additional sheets as necessary)

Note: As additional support for your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.

9. It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on: __3·12·05__.
                                                             Date

10. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: __N/A__.
                                                                                         Date

Only litigants alleging age discrimination must answer Question #11.

11. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (check one),

　　　_____　　60 days or more have elapsed.

　　　_____　　less than 60 days have elapsed.

12. The Equal Employment Opportunity Commission (check one):

　　　_____　　has not issued a Right to Sue letter.

　　　✓　　has issued a Right to Sue letter, which I received on  4/5/07
　　　　　　　　　　　　　　　　　　　　　　Date

**NOTE:** Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.

　　WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

*Jennifer Saunders*
PLAINTIFF'S SIGNATURE

Dated: 7/03/07

175 Prospect Pl. #23E
Address
East Orange, NJ 07017
(973) 678-2881
Phone Number

-5-

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Jennifer Saunders<br>175 Prospect Street, #23E<br>East Orange, NJ 07017 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2005-02168 | Holly M. Woodyard, Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_(signature)_     4/2/07

Spencer H. Lewis, Jr., Director     *(Date Mailed)*

Enclosures(s)

cc: City of New York, Dept. of Education
52 Chambers Street, Room 308
New York, NY 10007
Attn: Human Resource Director

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Jennifer Saunders
175 Prospect Street, #23E
East Orange, NJ 07017

From: New York District Office
33 Whitehall Street
5th Floor  11th floor
New York, NY 10004

(212) 336 3620

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2005-02401 | Holly M. Woodyard, Investigator | (212) 336-3643 |

8:30 - 4:00  M-F

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr., Director

4/2/07 (Date Mailed)

Enclosures(s)

cc: City of New York Dept. of Education
52 Chambers Street, Room 308
New York, NY 10007
Attn: Human Resource Director

1-800 669-4000   WWW.EEOC.GOV

*(handwritten: Write to Reconsider)*

STATE OF NEW YORK
DIVISION OF HUMAN RIGHTS

---

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

JENNIFER SAUNDERS
                          Complainant

v.

NEW YORK CITY DEPARTMENT OF EDUCATION
                             Respondent

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10104311

Federal Charge No. 16GA502168

On March 2, 2005, Jennifer Saunders filed a Verified Complaint with the State Division of Human Rights (the "Division") charging the above-named Respondent with an unlawful discriminatory practice relating to employment because of age, race/color, and sex in violation of the Human Rights Law of the State of New York.

After investigation, and following an opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that Respondent has engaged in or is engaging in the alleged unlawful discriminatory practice. This determination is based on the following:

The evidence gathered during the investigation does not support Complainant's allegations of discrimination based on age, race/color and sex. The Division notes for the record that its phone calls to Complainant's witnesses were not returned.

With regard to Complainant's allegation that she was discriminated against because she is forty-six (46) years of age, the Division notes that Complainant, a Black Teacher, did not initially plead a prima facie case by failing to note an occurrence that she construed as discriminatory based on her age. Complainant subsequently failed to offer the Division evidence concerning Respondent's conduct with regard to age discrimination or offer evidence that she reported such conduct to Respondent seeking redress during her employ. Based on these facts, the Division cannot find a violation of the New York State Human Rights Law with regard to age discrimination.

With regard to Complainant's allegation of race

Page 1 of 5

Determination: Dismissal No Probable Cause
SDHR Case No. 10104311
Jennifer Saunders V. New York City Department Of Education

discrimination, the Division's investigation did not reveal sufficient evidence to support this allegation. The record does not support the allegation that Respondent's treatment, specifically School Principal Resnick's treatment of the Complainant's employment, was due to Complainant being Black. Aside from grievances related to alleged violations of the collective bargaining agreement, and accusations to the police and to the school that Principal Resnick assaulted her at school, the record indicates that Complainant did not seek redress from Respondent with regard to discrimination based on race.

With regard to Complainant's allegation that Respondent discriminated against her because she is a female, the Division notes that Complainant did not initially plead a prima facie case. Through the Division's investigation, Complainant additionally did not allege an act perpetrated by Principal Resnick, a male, which Complainant construed as discriminatory based on her sex. Further, the investigation did not reveal evidence demonstrating that Complainant was in fact treated differently or in a derogatory manner in the workplace because she is female. The Division notes that the majority of teachers employed at Principal Resnick's school are female.

The investigation reveals that Respondent's actions toward Complainant were based on its concerns about Complainant's poor time and attendance. The record shows that by March 2004, during the school year 2003-2004, Complainant had already been absent eight (8) times and late fifteen (15) times (for a total of over four hundred seventy-four (474) times). By the end of the 2003-2004 academic year, Complainant had been late a total of eighteen (18) times. Further, during the 2004-2005 school year, the record indicates that Complainant was absent from work eleven (11) times and late for work eleven (11) times. During the 2004-2005 school year, Complainant was also cited for failing to meet with Principal Resnick with regard to her poor attendance.

Additionally, the investigation reveals that Respondent conducted several observations of Complainant's classroom and concluded that her manner was unbecoming a professional educator, which was noted on three (3) dates: November 24, 2004, February 4, 2005 and February 15, 2005. On the noted dates, Complainant was observed reading a newspaper in the classroom during instructional time; her students were observed engaged in non-school related activities such as reading a newspaper;

Page 2 of 5

Case 1:07-cv-02725-SJF -LB   Document 1   Filed 07/03/07   Page 10 of 12

Determination: Dismissal No Probable Cause
SDHR Case No. 10104311
Jennifer Saunders V. New York City Department Of Education

students were listening to music during instructional time; students were loitering; and students were conversing with peers and playing cards during instructional time.

The investigation further reveals that on February 15, 2005, during an economics class, Complainant was observed beginning the lesson by stating to the class, words to the effect: fifty years ago black people rose up. Complainant then proceeded to sing a song in front of the class that noted words to the effect: one thing we did right was when we stood up to fight, keep your eyes on the prize. The Division notes that Complainant inappropriately used an economics class as a forum to express her personal views. Consequently, Complainant was subjected to disciplinary action for conduct noted in the record as follows: neglect of duty; conduct unbecoming Complainant's position or conduct prejudicial to the good order, efficiency or discipline of the service; substantial cause rendering complainant unfit to properly perform her obligations of service.

The Division notes that Complainant's rebuttal is replete with her concerns about Jerod Resnick, the school's Principal, and his treatment of teachers, which includes herself, staff and students and the lack of strong union leadership at the school. The record also shows that Complainant filed a police report alleging that she was assaulted by Mr. Resnick on October 22, 2004.

The investigation reveals that on February 23, 2005, Complainant complained to Respondent's School Safety Division, that Mr. Resnick shoved her on October 22, 2004. Respondent investigated the alleged assault. The record shows that Complainant specifically alleged "she was physically shoved by Principal Resnick in the hallway at 11:30 a.m. on October 22, 2004".

Santiago Taveras, Respondent's Local Superintendent, investigated Complainant's alleged assault and found that at the time of the assault, Complainant was teaching a class scheduled to begin at 11:30 a.m., but had begun at 11:22 a.m. and ended at 12:07 p.m. The noted time conflicts made it implausible that the incident between Complainant and Principal Resnick occurred as noted by Complainant. Mr. Taveras concluded that Complainant's report was false, and referred the matter to Respondent's Office of Special Investigation. Mr. Taveras also informed Complainant, in a letter dated March 11, 2005, that her

Determination: Dismissal No Probable Cause
SDHR Case No. 10104311
Jennifer Saunders V. New York City Department Of Education

accusation was deemed false and was a basis for her removal from the school and assignment at another location. Respondent filed specification charges against Complainant seeking her termination as a result of Complainant's failure to improve her tardiness and absences, her continued neglect with regard to her duties, and her false accusation against Principal Resnick. Charges against Complainant are pending.

Based on the noted facts, the Division cannot find a violation of the New York State Human Rights. Therefore, the Verified Complaint is ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition <u>within sixty (60) days after service of this Determination</u>. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

PLEASE TAKE FURTHER NOTICE that a complainant who seeks state judicial review and who receives an adverse decision therein, may lose his or her right to proceed subsequently in federal court by virtue of <u>Kremer v. Chemical Construction Co.</u>, 456 U.S. 461 (1982).

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Your charge was also filed under the Age Discrimination in Employment Act (ADEA). Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within fifteen (15) days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Determination: Dismissal No Probable Cause
SDHR Case No. 10104311
Jennifer Saunders V. New York City Department Of Education

Dated:   January 30, 2007
         Brooklyn, New York

                          STATE DIVISION OF HUMAN RIGHTS

                By:   _____
                        William LaMot
                        Regional Director