UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

JENNIFER SAUNDERS,

                            Plaintiff,

                    -against-

NYC DEPARTMENT OF EDUCATION,
Jerod Resnick, Principal,
Renal Piton, Assistant Principal,
Matt Guttman, Assistant Principal,
Randi Weingarden, UFT President,
Patricia Crispino, UFT Chairperson,
Santiago Taveras, Local Instructional Superintendent,
Lori Mastramauro, Mentoring Program Coordinator,
Eric Lawson, Arbitrator,
Judy Rivera, Department of Education, Human Resources Deputy Director,
Donna Dennis, Department of Education, Human Resources Assistant,
Esther Anthinez, Department of Education, Human Resources Assistant,

                            Defendants.

----------------------------------------------------------------x

☐ ORIGINAL

**IN SUPPORT OF ORDER TO
SHOW CAUSE FOR PRELIMINARY
INJUNCTION AND TEMPORARY
RESTRAINING ORDER**

**07 CV 2725 (SJB)(LB)**

RECEIVED

DEC      2009

PRO SE OFFICE

STATE OF NEW YORK         )
COUNTY OF (county of *New York* ) SS.:
*December 17, 2009*

Jennifer Saunders, being duly sworn, deposes and says :

I,   Jennifer Saunders, am plaintiff in the above-entitled action, and respectfully move this Court to issue an order enjoining defendant The NYC Department of Education  from being able to misrepresent the facts of the amount of wages I earned from May 08 through September 08' as they appear in the timesheets submitted to the Department of Labor since they do not reflect that I earned approximately $21,000 during this time until a further disposition on the merits of the above-entitled action.

I am proceeding by order to show cause rather than by notice of motion because my recent claim for a redetermination on my right to receive unemployment benefits is being reconsidered by the Department of Labor and Unemployment Compensation and is due to be decided within the next 7-10days or my right to claim benefits will be closed indefinitely.

I have made the following attempts to contact my opponent(s) and inform them that I am seeking a temporary restraining order:  I spoke with Daniel Chui, the Lead Attorney for the NYC Department of Education on his (2/2) 788-1158  contact telephone number at __3__ am/pm)  12/8/09

Unless the preliminary injunction and temporary restraining order are issued I will suffer immediate and irreparable injury as shown in the following attached docuements; (1) The Re-determination Letter of May 2008, (2) The Time and Attendance Inquiry (3) The Unemployment Insurance Appeal Board Decision of October 08, 2008 (4) The July 09 eviction notice (5) The refusal for Tenancy at the Fairview Apartments at 160 Prospect Street  dated; 10/28/09 (6) The Consumer Reporting Agency NTN Tenant Performance Profile (7) The Division of Welfare Temporary Rental Assistance Program (8) NYS Department of Labor Request for Reconsideration Form (9) Department of Labor Monetary Benefit Determination. (10) NYC Department of Education addressed to plaintiff dated July 2008 (11) Payroll Zeblin affidavit

Furthermore, eviction from my place of residence as a result of not being able to receive housing in spite of having been granted temporary residential assistance from the state of NJ is preventing me from being able to secure housing and employment opportunities that would otherwise be available to me.

As can be seen from the foregoing, I have no adequate remedy at law and am entitled to a temporary restraining order and a preliminary injunction.

WHEREFORE, I respectfully request that the Court issue the temporary restraining order and preliminary injunction described above, as well as such other and further relief as may be just and proper.

Sworn to me before me this
17 day of Dec , 2009

Notary Public

JOY HOCHSTADT
Notary Public · State of New York
No. 02HO6128726
Qualified in New York County
My Comm. Expires Jun. 13, 20__

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JENNIFER SAUNDERS,

                                 Plaintiff,

          -against-

NYC DEPARTMENT OF EDUCATION,
Jerod Resnick, Principal,
Renal Piton, Assistant Principal,
Matt Guttman, Assistant Principal,
Randi Weingarden, UFT President,
Patricia Crispino, UFT Chairperson,
Santiago Taveras, Local Instructional Superintendent,
Lori Mastramauro, Mentoring Program Coordinator,
Eric Lawson, Arbitrator,
Judy Rivera, Department of Education, Human Resources Deputy Director,
Donna Dennis, Department of Education, Human Resources Assistant,
Esther Anthinez, Department of Education, Human Resources Assistant,

                                 Defendants.

-------------------------------------------------------------x

**AFFADAVIT/AFFIRMATION**
**07 CV 2725 ( SJF) (LB)**

STATE OF NEW YORK
COUNTY OF (county of _New York_ ) SS.:
_December 17, 2009_

    _Jennifer Saunder_ [being duly sworn] deposes and makes the following affirmation
under penalties of perjury:

    _JENNIFER SAUNDERS_, as plaintiff in the above-entitled action, respectfully move this
court to order defendants to show cause why they should not be enjoined from ~~receiving~~ unemployment
compensation until a disposition on the merits in the above-entitled action. _PAYING (ME)_

Unless this order is issued, I will suffer immediate and irreparable injury, loss and damage from being
unable to secure housing, or seek employment opportunities to which I am entitled.

I am a NYC Teacher 'whistle-blower' who during the time in which I was found guilty of misconduct in an improperly held 3020-a Teacher Hearing that resulted in me being suspended for 4 months, I interviewed with The NY Daily News for a story about NYC Rubber Rooms.

Upon my return from my suspension, my payroll timesheets reflect inaccuracies and impossibilities since for example; one timesheet I believe reflects my absence as having occurred on a day in which school had already closed for the year. This entry is June 30, 2008. Additionally, four entries are made using that same day that appear to reflect that I was absent four times on the same day.

I have also attached an affidavit attesting to the conversations I had with the Payroll Officer, Mr. Zeblin, located in The Payroll Department at NYC Department of Education located at 65 Court Street in Brooklyn. Employee timesheets generated for me are submitted to him for final processing.

Consequently, I have not received any of the monies due me for wages earned during the months of May through September 08 which total approximately $21,000. To date, this has been the primary reason why my claim for unemployment cannot be accepted by the Department of Unemployment Compensation.

The Department of Labor requires that I show that I earned wages for a time period in which I have a right to a legal claim for benefits from between July 08 through September 08'. Had my timesheets been made to reflect the accurate time and attendance and vacation pay earned, I would have been eligible to receive in August 08 when I initially applied and would have been able to prevent my current state of home/jobless circumstances.

Since this is the last base period that I can be considered for by the Department of Labor to have a right to unemployment benefits, I have recently filed and await another determination upon their review of materials I have submitted to them regarding the facts of this case.

As can be seen from the foregoing, I have no adequate remedy at law.

WHEREFORE, I respectfully request that the Court grant the within relief as well as such other and further relief may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 12/17/09

Jennifer Saunders

Sworn to before me this ___17___ day of _____ 2009

Notary Public

JOY HOCHSTADT
Notary Public - State of New York
No. 02HO6128726
Qualified in New York County
My Comm. Expires Jun. 13, 20__

Honorable Judge Sandra J. Feuerstein
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York   11201



December 11, 2009

Dear Justice Feuerstein:

Re:  Jennifer Saunders vs. New York City Department of Education
      Docket No. 07-CV-2725

I am the plaintiff in the above reference case.

Thank you for the professional courtesy you've granted me for additional time to prepare documents, seek and retain counsel and other considerations you've extended that allow me to be before you at this time.

I am writing to request a conference for Emergency Injunctive Relief for the deliberate falsification of my employment Time Sheets by employees of the New York City Department of Education.   The denial of my right to Unemployment benefits in my most recent Unemployment Compensation claim is the result of the falsification of my Time Sheets.

At this time, I have exhausted every administrative remedy in my struggle to obtain Unemployment benefits to which I am entitled.  Upon review of the copies of the Time Sheets I am submitting with this letter, illustration of the extent of harm denial of these benefits has caused me will hopefully be considered worthy of my request for a conference.

Within 2 weeks, the attached document entitled; 'Unemployment Insurance Request For Reconsideration' that I submitted to the Department of Labor to get a final determination as to whether I am entitled to benefits will be given favorable consideration if the merits of this case afford me the right to be granted temporary emergency relief by you. The irreparable harm caused by further denial of my right to collect unemployment benefits, secure housing, and seek the employment opportunities is a violation of my civil and constitutional rights.

Defendants in this case who I believe are responsible for the theft of my service have been served notice of my complaint however; the hardship that I have been made to endure is becoming more oppressive every day. Unemployment compensation will allow me to secure housing currently being offered to me in Brooklyn as a result of the circumstances of this case and in spite of the negative credit report that continues to be generated rendering me homeless and unfit for stable employment.

Your courtesy in the matter of granting me an emergency conference to discuss being afforded temporary emergency relief so that I may be granted unemployment benefits to which I am entitled will greatly relieve the undue financial and emotional distress I'm being subjected to.  Your consideration in this matter is also greatly needed if I am to be afforded a fair opportunity to prosecute this case.   Thank you in anticipation of your consideration.

Sincerely,

Jennifer Saunders

# EXHIBIT LISTING

(A) Re-Determination Letter Of May 2008,

(B) Time And Attendance Inquiry

(C) Unemployment Insurance Appeal Board Decision Of October 08, 2008

(D) July 09 Eviction Notice

(E) Refusal For Tenancy At Fairview Apartments 10/28/09

(F) The Consumer Reporting Agency NTN Tenant Performance Profile

(G) The Division Of Welfare Temporary Rental Assistance Program

(H) NYS Department Of Labor Request For Reconsideration Form

(I) Department Of Labor Monetary Benefit Determination.

(J) NYC Department Of Education Addressed To Plaintiff Dated July 2008

(K) Payroll Zeblin Affidavit

# EXHIBIT

# A

PO BOX 15131
ALBANY NY 12212-5131



NEW YORK STATE DEPARTMENT OF LABOR
**NOTICE OF DETERMINATION TO CLAIMANT**
REDETERMINED DETERMINATION

DATE MAILED: 5/02/2008
SSN: 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 LO: 801

EMP: THE CITY SCHOOL DIST

JENNIFER S SAUNDERS
175 PROSPECT STREET 23E
EAST ORANGE NJ 07017

PLEASE REFER TO THOSE ITEMS WHICH ARE SELECTED   X   BELOW AND READ THE BACK OF THIS FORM

1. ☒☒ NOTICE OF DETERMINATION

NO UNEMPLOYMENT INSURANCE BENEFITS WILL BE PAID TO YOU FOR THE PERIOD BEGINNING 01/26/2008 UNTIL YOU HAVE SUBSEQUENTLY WORKED FOR AN EMPLOYER AND EARNED AT LEAST 5 TIMES YOUR WEEKLY BENEFIT RATE.  EMPLOYMENT AND EARNINGS FROM NON COVERED, EXCLUDED OR SELF-EMPLOYMENT WILL NOT COUNT.  YOUR WEEKLY BENEFIT RATE IS $405.

DETERMINATION

YOU WERE DISCHARGED FOR MISCONDUCT IN CONNECTION WITH YOUR EMPLOYMENT WITH THE ABOVE EMPLOYER.  AS A RESULT OF THIS DETERMINATION THE WAGES EARNED WITH THIS EMPLOYER PRIOR TO 01/26/2008 CANNOT BE USED TO ESTABLISH ANY SUBSEQUENT CLAIM FOR UNEMPLOYMENT INSURANCE YOU MAY FILE.

REASON

YOU WERE PLACED ON A DISCIPLINARY SUSPENSION ON 1/25/08 FOR YOUR ATTENDANCE, PERFORMANCE AND INSUBORDINATION.  YOUR ACTIONS WERE NOT IN THE BEST INTEREST OF YOUR EMPLOYER AND FOR UNEMPLOYMENT INSURANCE PURPOSES RISE TO THE LEVEL OF MISCONDUCT.

2. ☐ NOTICE OF DETERMINATION OF WILFUL MISREPRESENTATION

REASON

☒☒☒ This notice supersedes the one sent you dated _____ 3/25/2008 _____ which has been cancelled.

TO PROTECT YOUR RIGHTS, READ THE BACK OF THIS FORM

By: _____ T SMITH _____
FOR THE COMMISSIONER OF LABOR

LO 412 (4-99)

# EXHIBIT

# B

09/17 14:28          TIME AND ATTENDANCE INQUIRY          PAGE:   4

EIS ID: 0631911    SSN: 147582950    NAME: JENNIFER       SAUNDERS
FROM DATE: 11 11 1111   TO DATE: 11 22 2222

| EARNED DATE | EVENT CODES | EVENT DESCRIPTION | EVENT DY | TIME HRS MIN | RECORD STATUS | REAS CODE | ENTERED DATE | JOB ID | PY CY |
|---|---|---|---|---|---|---|---|---|---|
| 05/29/08 | 50U00 | ABSENCE UNAUTH | 01 | 000 000 | C P SG | | 06/10/08 | GA4HL | S |
| 05/29/08 | 41A00 | SELF TREATED | 01 | 000 000 | C P AJ | | 06/10/08 | GA4HL | S |
| 05/28/08 | 50U00 | ABSENCE UNAUTH | 01 | 000 000 | C P AJ | | 06/10/08 | GA4HL | S |
| 05/27/08 | 41A00 | SELF TREATED | 01 | 000 000 | C P AJ | | 06/10/08 | GA4HL | S |
| 12/21/07 | 49AAC | FRACTIONAL ABS | 00 | 004 030 | C P AJ | | 01/09/08 | DR487 | S |
| 12/21/07 | 49AAB | FRA ABS DED/RG | 01 | 000 000 | C P SG | | 05/22/08 | DR487 | S |
| 12/21/07 | 49AAB | FRA ABS DED/RG | 01 | 000 000 | C P SG | | 05/22/08 | DR487 | S |
| 12/21/07 | 49AAB | FRA ABS DED/RG | 01 | 000 000 | C P SG | | 05/22/08 | DR487 | S |
| 12/21/07 | 49AAB | FRA ABS DED/RG | 01 | 000 000 | C P SG | | 05/22/08 | DR487 | S |
| 12/21/07 | 49AAB | FRA ABS DED/RG | 01 | 000 000 | C P SG | | 05/22/08 | DR487 | S |

MORE DATA - USE PF8 TO SCROLL

F1/HELP F3/MENU F4/WINDOW F5/PREV SCR    F6/DEL EVTS F7/BKWD F8/FWD F12/QUIT

Case 1:07-cv-02725-SJF -LB   Document 39   Filed 12/18/09   Page 11 of 35

EIS ID: 0631911    SSN: 147582950      NAME: JENNIFER        SAUNDERS
FROM DATE: 11 11 1111   TO DATE: 11 22 2222

| EARNED DATE | EVENT CODES | EVENT DESCRIPTION | EVENT DY | TIME HRS | MIN | RECORD STATUS | REAS CODE | ENTERED DATE | JOB ID | PY CY |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/10/08 | 50U00 | ABSENCE UNAUTH | 00 | 003 | 020 | C P | AJ | 06/18/08 | GA4HL | S |
| 06/09/08 | 50U00 | ABSENCE UNAUTH | 00 | 005 | 030 | C P | AJ | 06/18/08 | GA4HL | S |
| 06/06/08 | 49AAC | FRACTIONAL ABS | 00 | 002 | 040 | C P | OS | 06/10/08 | GA4HL | S |
| 06/05/08 | 49AAC | FRACTIONAL ABS | 00 | 002 | 035 | C P | OS | 06/10/08 | GA4HL | S |
| 06/04/08 | 50U00 | ABSENCE UNAUTH | 01 | 000 | 000 | C P | OS | 06/10/08 | GA4HL | S |
| 06/03/08 | 50U00 | ABSENCE UNAUTH | 01 | 000 | 000 | C P | SG | 06/10/08 | GA4HL | S |
| 06/03/08 | 41A00 | SELF TREATED | 01 | 000 | 000 | C P | OS | 06/10/08 | GA4HL | S |
| 06/02/08 | 50U00 | ABSENCE UNAUTH | 01 | 000 | 000 | C P | OS | 06/10/08 | GA4HL | S |
| 05/30/08 | 50U00 | ABSENCE UNAUTH | 01 | 000 | 000 | C P | SG | 06/10/08 | GA4HL | S |
| 05/30/08 | 41A00 | SELF TREATED | 01 | 000 | 000 | C P | AJ | 06/10/08 | GA4HL | S |

MORE DATA - USE PF8 TO SCROLL

F1/HELP  F3/MENU  F4/WINDOW  F5/PREV SCR    F6/DEL EVTS  F7/BKWD  F8/FWD  F12/QUIT

Case 1:07-cv-02725-SJF -LB   Document 39   Filed 12/18/09   Page 12 of 35

EIS ID: 0031911   SSN: 147582950   NAME: JENNIFER   SAUNDERS
FROM DATE: 11 11 1111   TO DATE: 11 22 2222

| EARNED DATE | EVENT CODES | EVENT DESCRIPTION | EVENT DY | TIME HRS MIN | RECORD STATUS | REAS CODE | ENTERED DATE | JOB ID | PY CY |
|---|---|---|---|---|---|---|---|---|---|
| 06/18/08 | 50U00 | ABSENCE UNAUTH | 01 | 000 000 | C P SG | | 06/27/08 | GA4HL | S |
| 06/18/08 | 41A00 | SELF TREATED | 01 | 000 000 | C P AJ | | 06/27/08 | GA4HL | S |
| 06/17/08 | 50U00 | ABSENCE UNAUTH | 00 | 002 040 | C P OS | | 06/18/08 | GA4HL | S |
| 06/16/08 | 50U00 | ABSENCE UNAUTH | 01 | 000 000 | C P SG | | 06/18/08 | GA4HL | S |
| 06/16/08 | 50U00 | ABSENCE UNAUTH | 00 | 003 035 | C P OS | | 06/18/08 | GA4HL | S |
| 06/16/08 | 41A00 | SELF TREATED | 01 | 000 000 | C P OS | | 06/18/08 | GA4HL | S |
| 06/13/08 | 49AAC | FRACTIONAL ABS | 00 | 002 040 | C P AJ | | 06/18/08 | GA4HL | S |
| 06/12/08 | 49AAC | FRACTIONAL ABS | 00 | 002 040 | C P AJ | | 06/18/08 | GA4HL | S |
| 06/11/08 | 50U00 | ABSENCE UNAUTH | 01 | 000 000 | C P SG | | 06/18/08 | GA4HL | S |
| 06/11/08 | 41A00 | SELF TREATED | 01 | 000 000 | C P AJ | | 06/18/08 | GA4HL | S |

MORE DATA - USE PF8 TO SCROLL

F1/HELP F3/MENU F4/WINDOW F5/PREV SCR   F6/DEL EVTS F7/BKWD F8/FWD F12/QUIT

Case 1:07-cv-02725-SJF -LB   Document 39   Filed 12/18/09   Page 13 of 35

TIME AND ATTENDANCE INQUIRY                                    PAGE:    1

EIS ID: 0631911        SSN: 147582950      NAME: JENNIFER
FROM DATE: 11 11 1111   TO DATE: 11 22 2222              SAUNDERS

| EARNED DATE | EVENT CODES | EVENT DESCRIPTION | EVENT DY | TIME HRS | MIN | RECORD STATUS | REAS CODE | ENTERED DATE | JOB ID | PY CY |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/30/08 | 49AAB | FRA ABS DED/RG | 01 | 000 | 000 | C P AJ | | 08/03/08 | GA4HL | S |
| 06/30/08 | 49AAB | FRA ABS DED/RG | 01 | 000 | 000 | C P AJ | | 08/03/08 | GA4HL | S |
| 06/30/08 | 90300 | ABSENCE WO PAY | 01 | 000 | 000 | C P SG | | 08/03/08 | GA4HL | S |
| 06/30/08 | 90300 | ABSENCE WO PAY | 01 | 000 | 000 | C P SG | | 08/03/08 | GA4HL | S |
| 06/26/08 | 50U00 | ABSENCE UNAUTH | 00 | 003 | 020 | C P AJ | | 09/25/08 | GA4HL | S |
| 06/25/08 | 50U00 | ABSENCE UNAUTH | 00 | 003 | 010 | C P AJ | | 06/27/08 | GA4HL | S |
| 06/24/08 | 49AAC | FRACTIONAL ABS | 00 | 002 | 040 | C P AJ | | 06/27/08 | GA4HL | S |
| 06/23/08 | 50U00 | ABSENCE UNAUTH | 00 | 005 | 040 | C P AJ | | 06/27/08 | GA4HL | S |
| 06/20/08 | 50U00 | ABSENCE UNAUTH | 00 | 003 | 040 | C P AJ | | 06/27/08 | GA4HL | S |
| 06/19/08 | 50U00 | ABSENCE UNAUTH | 00 | 003 | 020 | C P AJ | | 06/27/08 | GA4HL | S |

                                        MORE DATA - USE PF8 TO SCROLL
F1/HELP F3/MENU F4/WINDOW F5/PREV SCR   F6/DEL EVTS F7/BKWD F8/FWD F12/QUIT

# EXHIBIT

# C



**LEONARD D. POLLETTA**
CHAIRMAN
**MICHAEL T. GREASON**
**MARYANN K. McCARTHY**
**TANYA R. DANIEL**
**EILEEN LONG-CHELALES**
MEMBERS

STATE OF NEW YORK
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
PO Box 15126
Albany NY 12212-5126
(518) 402-0205
FAX:(518) 402-6208

**JAYSON S. MYERS**
EXECUTIVE DIRECTOR
**WILLIAM J. ROLD**
CHIEF ADMINISTRATIVE LAW JUDGE
**TERESA A. DEMEO**
**JOSEPH T. BAUM**
PRINCIPAL ADMINISTRATIVE LAW JUDGE

## DECISION OF THE BOARD
### DECISIÓN DE LA JUNTA

IN THE MATTER OF:

Mailed and Filed: **OCT 0 8 2008**

Appeal Board No. **542932**

JENNIFER S SAUNDERS
175 PROSPECT STREET 23E
EAST ORANGE NJ 07017

NYC DEPT OF EDUCATION
TALX UCM SERV INC
PO BOX 283
ST LOUIS MO 63166-0283

A.S.O. - Appeals Section
Department of Labor Office:   **801**

A.L.J. Case No. **008-11396**

PLEASE TAKE NOTICE that the commissioner, or any other party affected by this decision who appeared before the Appeal Board, may appeal questions of law involved in such decision to the Appellate Division of the Supreme Court, Third Department, by written notice mailed to the Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 within THIRTY DAYS from the date this decision was mailed.

POR FAVOR TOME NOTA que el comisionado o cualquier otra parte afectada por esta decision que haya comparecido ante la Junta de Apelaciones puede apelar aspectos legales de dicha decision a Appellate Division of the Supreme Court, Third Department, enviando un aviso escrito a Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 dentro de los TREINTA DIAS a partir de la fecha en que esta decision fue enviada por correo.

DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO
AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)

PRESENT: MICHAEL T. GREASON, TANYA R. DANIEL MEMBERS

The Department of Labor issued the initial determination disqualifying the claimant from receiving benefits effective January 26, 2008, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by NYC DEPT OF EDUCATION prior to January 26, 2008, cannot be used toward the establishment of a claim for benefits. The claimant requested a hearing.

The Administrative Law Judge held a hearing at which all parties were accorded a full opportunity to be heard and at which testimony was taken. There was an appearance by the claimant. By decision filed June 27, 2008 (A.L.J. Case No. 008-11396), the Administrative Law Judge sustained the initial determination.

The claimant applied to the Appeal Board, pursuant to Labor Law § 620 (3), for a reopening and reconsideration of the Judge's decision. The Board considered the arguments contained in the written statement submitted by the claimant. Due deliberation having been had, the Board has reopened and reconsidered the decision of the Administrative Law Judge.

Based on the record and testimony in this case, the Board makes the following

AB 2 (10/06)

FINDINGS OF FACT: The claimant has been employed as a high school teacher by a municipal board of education since 2000. In 2005, the employer brought charges against the claimant related to absenteeism; tardiness; failure to perform her duties as coordinator of a mentoring program; failure to provide satisfactory substitute coverage; failure to meet with the principal to discuss attendance issues, although directed to do so; and filing a false police report against the principal. The claimant filed a grievance and several hearings were held before an arbitrator at which the claimant was represented, testimony taken and cross-examination offered. By opinion dated November 22, 2007, the arbitrator found that the claimant filed a police report on January 23, 2005, regarding an incident which she alleged had occurred on October 22, 2004, at a time when she was, in fact, in class; and that the claimant failed to attend a scheduled meeting with the principal after she had twice postponed earlier meetings. The arbitrator found that on three dates the claimant had failed to instruct classes to which she had been assigned as a substitute. The arbitrator also found that the claimant had been tardy on the eleven occasions listed in the charges. As a result, the claimant was suspended without pay for four months.

OPINION: The credible evidence establishes that the claimant was suspended from employment after an arbitrator sustained several charges brought against her by the board of education. For the purposes of unemployment insurance, the claimant's suspension constitutes a separation from employment and a decision must be made whether her separation was under disqualifying circumstances.

The claimant went through arbitration at which she was afforded her due process rights; as a result, the Board is bound by the arbitrator's findings of fact (*Matter of Guimarales*, 68 NY2d 989, *Matter of Ryan*, 62 NY2d 494, *Matter of Ranni*, 58 NY2d 715). The claimant's act in filing a false police report against the principal is a serious matter and one which reflects poorly on her character and integrity, both qualities to be expected in a teacher. The claimant knew or should have known that this act could place her job in jeopardy. The claimant twice postponed meetings to discuss her attendance with the principal and then failed to appear at the third meeting. The principal acted within his rights in scheduling such a meeting; the claimant's actions clearly demonstrate her intention not to meet with the principal and must be deemed insubordinate. As to the charge relating to the claimant's failure to instruct her classes, the arbitrator did not make sufficient findings of fact to determine whether her behavior was misconduct or merely poor job performance. Similarly, there are no findings of fact in the arbitrator's decision regarding the reason or reasons for the claimant's tardiness; hence, it cannot be determined whether her tardiness constituted misconduct or should be excused. However, based on the claimant's acts in filing the false police report and refusing to meet with the principal, it must be concluded that the claimant's separation was for reasons rising to the level of misconduct. The claimant has testified that she has brought an Article 78 proceeding in state court and another proceeding in federal court; however, unless and until the arbitrator's decision is overturned, its findings of fact remain binding on the Board. Accordingly, we conclude that the claimant was separated from employment under disqualifying circumstances.

DECISION: The decision of the Administrative Law Judge is affirmed.

The initial determination, disqualifying the claimant from receiving benefits effective January 26, 2008, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by NYC DEPT OF EDUCATION prior to January 26, 2008, cannot be used toward the establishment of a claim for benefits, is sustained.

The claimant is denied benefits with respect to the issues decided herein.

MICHAEL T. GREASON, MEMBER

BI:DE

TANYA R. DANIEL, MEMBER

AB 2 (10/06)

# EXHIBIT

# D

ESX

Docket No.: ESX LT-017524-09

Superior Court of New Jersey
Law Division, Special Civil Part

SAUNDERS JENNIFER
(Defendant(s) - Tenant(s))

165 WILLIAM STREET, G BLDG
NEWARK, NJ 07102
Telephone: (973) 693-6435

175 PROSPECT STREET
APT 21E
EAST ORANGE NJ 07017

>>>>> WARRANT OF REMOVAL <<<<<

TO: VINCENT BOVE
(Special Civil Part Officer)

You are hereby commanded to dispossess the tenant and place the landlord in full possession of the premises listed above. Local police departments are authorized and requested to provide assistance, if needed, to the officer executing this warrant.

TO: JENNIFER SAUNDERS
(Tenant(s))

You are to remove all persons and property from the above premises within three days after receiving this warrant. Do not count Saturday, Sunday and holidays in calculating the three days. If you fail to move within three days, a court officer will thereafter remove all persons from the premises. You may be removed between the hours of 8:30 A.M. and 4:30 P.M. on or after _____ (month) _____ (day), _____ (year). Thereafter, your possessions may be removed by the landlord. The provision applicable to residential tenants does not apply to commercial property. The 3 day provision applicable to residential tenants may be evicted at the time the warrant is served.

It is a crime for a tenant to damage or destroy a rental premises to retaliate against a landlord for starting an eviction proceeding in court and in addition to imposing criminal penalties the court may require the tenant to pay for any damage.

You may be able to stop this warrant and remain in the premises temporarily if you apply to the court for relief. You may apply for relief by delivering a written request to the Clerk of the Special Civil Part and to the landlord or landlord's attorney. Your request must be personally delivered and received by the Clerk within three days after this warrant was served or you may be locked out. Before stopping this warrant you may include certain conditions, such as the payment of rent.

You may also be eligible for housing assistance or other social services. To determine your eligibility, you must contact the welfare agency in your county at
WELFARE RENT AND HOUSING UNIT, 18 RECTOR STREET,
NEWARK, N.J. 07102, telephone number (973) 733-4613.

Only a court officer can execute this warrant. It is illegal and a disorderly person's offense for a landlord to padlock or otherwise block entry to a rental premises while a tenant who lives there is still in legal possession. A landlord can lock out the tenant in a distraint action involving non-residential premises. If your property has been taken or you have been locked out or denied use of the rental premises by anyone other than a court officer who is not executing a warrant of removal you can contact the Special Civil Part Clerk's Office for help in (a) requesting an emergency order to return your property and/or to put you back into your home; and/or (b) filing a lawsuit requesting a judgment for money.

Docket No.: ESX LT-017524-09

To: 175 EXECUTIVE HOUSE

(Landlord)

Superior Court of New Jersey

Attorney : LEVY EHRLICH & PETRILLO

Address : 60 PARK PLACE

A person who is doing business as [...]
are illegal:

(1) to illegally evict a residential tenant without a [...] of removal [...] or
to the consent of the tenant;

(2) to cause to the landlord the tenant who has actions in a way back away the premises
to live there.

"Illegal eviction" means to enter onto or into the rental premises and hold it by:

(1) any kind of violence including threatening to kill or injure the tenant;

(2) words, circumstances or actions which are clearly intended to incite fear,
apprehension or a sense of danger in the tenant;

(3) putting the personal property or furniture of the tenant outside;

(4) entering peacefully and then, by force or threats, putting the tenant out;

(5) padlocking or changing the locks;

(6) shutting off vital services such as heat, electricity and water or causing
them to be shut off; or

(7) any means other than a court officer executing a warrant of removal issued by a court.

A person who is convicted of an offense under this section more than once within a
five-year period is guilty of a crime of the fourth degree.

To: Law Enforcement Officers

Tenants evicted without a warrant of removal are entitled to reenter and reoccupy the
premises and shall not be considered trespassers or chargeable with any offense provided
that a law enforcement officer is present at the time of reentry. It is the duty of the
officer to prevent the landlord or anyone else from obstructing or hindering the reentry
and re-occupancy of the dwelling by a tenant who was evicted without a warrant of removal
executed by a court officer.

Date: ___Jul 7, 09___                          Witness: _____

DEBRA DADNE, CLERK OF THE SPECIAL CIVIL PART

CERTIFICATION OF SERVICE AND EXECUTION OF WARRANT OF REMOVAL

I hereby certify that I (check as applicable) ___served  ___executed
this warrant of removal as follows:

Date First Served: ___7-8-09___
If Unserved, Why: _____
Date and Time Executed: _7/31/__ 12:30 PM_     Method of Service: _____
Date Warrant of Removal On Premises: _____     Must Vacate By: __7/21/05__
Mileage Charge for Execution: $ _____     Date Executed Warrant Posted: _____
Additional Services Performed: _____     Executed Warrant Serv: _____
                                              Additional Services Charge: $ _____

Signature of Special Civil Part Officer

# EXHIBIT

# E

State Properties LLC
Po Box 720
Lodi, NJ 07644

Date: _10/28/09_

_Jennifer Saunders_
_175 Prospect St #23E_
_E. Orange, NJ 07017_

Dear Applicant:

Thank you for your recent application. We regret that we will not be able to approve your request for tenancy at _160 Prospect St, EO_
_(Fairview Apartments)_

1. We have denied your application based on information contained in a consumer report obtained from the consumer reporting agency checked below. The consumer reporting agency *took no part* in making the decision not to approve your application. You have a right to obtain a free copy of your consumer report, within 60 days of the date you receive this letter. If you believe your report is inaccurate or incomplete, you may call or write to the consumer reporting agency.

### Consumer Reporting Agencies:

[ ✓ ] **TransUnion** Consumer Relations, PO Box 390, Springfield, PA 19064.
   Phone: **(800) 916 8800**.

[ ] **Experian (TRW/CBA)**, Consumer Assistance, PO Box 949, Allen, TX 75002.
   Phone: **(888) 397 3742.**

[ ] **Equifax (CBI)**, PO Box 740241, Atlanta, GA 30374. Phone: **(800) 685-1111.**

2. We have denied your application based on information received from a person or company *other than* a consumer reporting agency. The company listed below *took no part* in making the decision not to approve your application. You have a right to make a written request to the company listed below, within 60 days of receiving this letter, for disclosure of the nature of this information.

[ ✓ ] **National Tenant Network**, PO Box 1023, Turnersville, NJ 08012. Phone: **(800) 422-8299**.

[ ] **Other,** _____ Phone: _____

You may have additional rights under the Fair Credit Reporting Act. For more information, you may contact your state or local consumer protection agency.

Thank you for your interest in renting with us.

Sincerely,

_Fairview Apts_

_called 11/20/09_

# EXHIBIT

# F

Print Result

**Access No: NJ 3310**                    **Order No: 4068432**

# NTN Tenant Performance Profile

Screened For: NJ 3310  -  State Properties
28-Oct-2009

## Applicant Information                    ## Additional Addresses

Saunders, Jennifer S          SSN  ***-**-2950    175 Prospect St23e, East Orange NJ 07017
175 Prospect St               DOB  15-Jan-1959    71 Aiken ST9, Norwalk CT 06851
East Orange NJ 07017

**Names Screened:** Saunders, Jennifer*; Saunders, Jenni*; Patel, Jennifer*; Patel, Jenni*

**Databases for Search:** Southeastern Pennsylvania/New Jersey; New York; Connecticut

## Eviction Filing Data
*All Civil Court Records are filed by NAME ONLY. This makes it impossible to be certain that the following filings involve your applicant.*
*Please call the plaintiff listed for more information.*

04-Jun-2009   Case Number: LT01752409
Def: Saunders, Jennifer
Pla: 175 Executive House                    175 Prospect St East Orange NJ 07017
                                            County: Essex

19-Feb-2009   Case Number: LT00672609
Def: Saunders, Jennifer
Pla: 175 Executive House                    175 Prospect St East Orange NJ 07017
                                            County: Essex

03-Nov-2008   Case Number: LT03042308
Def: Saunders, Jennifer
Pla: 175 Executive House                    175 Prospect St East Orange NJ 07017
                                            County: Essex

27-May-2008   Case Number: LT01492608
Def: Saunders, Jennifer
Pla: 175 Executive House                    175 Prospect St East Orange NJ 07017
                                            County: Essex

28-Feb-2008   Case Number: LT00630108
Def: Saunders, Jennifer
Pla: 175 Executive House                    175 Prospect St East Orange NJ 07017
                                            County: Essex

07-Sep-2007   Case Number: LT02477707
Def: Saunders, Jennifer
Pla: 175 Executive House                    175 Prospect St East Orange NJ 07017
                                            County: Essex

27-Dec-2006   Case Number: LT04033806
Def: Saunders, Jennifer
Pla: 175 Executive House                    175 Prospect St East Orange NJ 07017
                                            County: Essex

26-Oct-2005   Case Number: LT03470305
Def: Saunders, Jennifer
Pla: Murnick                                175 Prospect St East Orange NJ 07017
                                            County: Essex

22-Mar-2005   Case Number: LT01035905
Def: Saunders, Jennifer                     +
Pla: 175 Executive House                    175 Prospect Street East Orange NJ 07018
                                            County: Essex

# EXHIBIT
# G



## COUNTY OF ESSEX
### DEPARTMENT OF CITIZEN SERVICES
### DIVISION OF WELFARE – FOOD STAMP PROGRAM
50 South Clinton Street, Suite 1108-4 – East Orange, New Jersey 07017
973-395-8000 – 973-395-8347 (Fax)

**Joseph N. DiVincenzo, Jr.**
Essex County Executive

**Anibal Ramos, Jr.**
Department Director

**Bruce Nigro**
Division Director

August 28, 2009

To Whom It May Concern:

Please be advised that Ms. Jennifer Saunders has been tentatively approved for Temporary Rental Assistance (TRA). This program is for 12 months of rental assistance whereas the County of Essex will make rental payments to her landlord on her behalf.

Currently Ms. Saunders has been advised to locate a studio or one bedroom apartment for no more than $800 per month rent with no less than heat and hot water included in the monthly rent. The maximum is $869 per month rent with all utilities included.

If you are agreeable to these conditions please respond to the below:

Address of prospective residence:_____

Date of availability:_____

Will you accept TRA:_____

Amount of rent and what utilities are included:_____

Thank you for your assistance in this matter.

Sincerely,

*G. Fagan/ap*

Mr. G. Fagan, FSW
973-395-8077

# EXHIBIT

# H









NEW YORK STATE
DEPARTMENT OF LABOR
PO BOX 15130
ALBANY NY 12212-5130

| | |
|---|---|
| Date Mailed: | 11/30/09 |
| Social Security #: | 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 |
| Claim Effective / Start Date: | 11/23/09 |
| Benefit Year Ending Date: | 11/28/10 |
| Response Due Date: | 12/30/09 |

# UNEMPLOYMENT INSURANCE
## Request for Reconsideration

JENNIFER S SAUNDERS
117 MAPES AVE
NEWARK NJ 07112

If the above address is incorrect, please call 888-209-8124, or
if out of state call 877-358-5306.

**How do I complete this form?**   To correct wages and/or add wages not reflected on your Monetary Benefit Determination, follow the instructions below.

- Complete the employer and quarterly wage information below using black or blue ink;
- Include proof of wages. (wages include the monetary value of tips, bonuses, meals and lodging, as well as commissions and vacation pay.)
- Photocopy all supporting documentation onto 8 ½ x 11 single-sided paper.  Do not send originals;
- Write your Name, Social Security Number and Telephone Number on each attachment;
- If you received Workers Compensation include a copy of your most recent C8 Form;
- This completed notice and all attachments must be received by the "Response Due Date" noted above.

## Employer Information
Please Print Clearly. Attach an additional page if you have information for more than (3) three employers.

EMPLOYER: _NYC DEPT. OF EDUCATION_

ADDRESS: _65 COURT STREET_

CITY: _Brooklyn_   STATE: _NY_ ZIP: _____

If work was performed outside New York State, indicate State: _____

### Basic or Alternate Base Period Total Quarterly Gross Wages
Write in the total quarterly gross wages for each employer/quarter indicated. Refer to your most recent Monetary Benefit Determination for assistance.

| | | Total Quarterly Gross Wages |
|---|---|---|
| BASIC QUARTER | 07/01/2008 - 09/30/2008 | $ 3,166.00 |
| BASIC QUARTER | 10/01/2008 - 12/31/2008 | $ |
| BASIC QUARTER | 01/01/2009 - 03/31/2009 | $ |
| BASIC QUARTER | 04/01/2009 - 06/30/2009 | $ |
| ALT. QUARTER | 07/01/2009 - 09/30/2009 | $ |

EMPLOYER: _____

ADDRESS: _____

CITY: _____ STATE: ___ ZIP: ___

If work was performed outside New York State, indicate State: _____

| | | |
|---|---|---|
| BASIC QUARTER | 07/01/2008 - 09/30/2008 | $ |
| BASIC QUARTER | 10/01/2008 - 12/31/2008 | $ |
| BASIC QUARTER | 01/01/2009 - 03/31/2009 | $ |
| BASIC QUARTER | 04/01/2009 - 06/30/2009 | $ |
| ALT. QUARTER | 07/01/2009 - 09/30/2009 | $ |

EMPLOYER: _____

ADDRESS: _____

CITY: _____ STATE: ___ ZIP: ___

If work was performed outside New York State, indicate State: _____

| | | |
|---|---|---|
| BASIC QUARTER | 07/01/2008 - 09/30/2008 | $ |
| BASIC QUARTER | 10/01/2008 - 12/31/2008 | $ |
| BASIC QUARTER | 01/01/2009 - 03/31/2009 | $ |
| BASIC QUARTER | 04/01/2009 - 06/30/2009 | $ |
| ALT. QUARTER | 07/01/2009 - 09/30/2009 | $ |

**Acknowledgment**   I certify that the above information is correct and I understand that I will be notified of the results of my request.

_Jennifer S Saunders_
Signature Required

Date: _12/10/09_   Area Code: _201_ - Telephone Number: _452 - 1002_

## Return Instructions
This notice and all attachments must be received by the "Response Due Date" noted above.

**FAX:** 518-457-9378
This notice is your cover page.
Indicate total # of pages _____

OR

**MAIL:** New York State Department of Labor
P.O. Box 15130
Albany, NY 12212-5130

Claim your weekly benefits on the web or by calling Tel-Service.

For additional information visit our website: www.labor.state.ny.us

For assistance, review your Claimant's Handbook

T403        (1-04)

# EXHIBIT

# I



**NEW YORK STATE**
**DEPARTMENT OF LABOR**
PO BOX 15130
ALBANY NY 12212-5130

| | |
|---|---|
| Date Mailed: | 11/30/09 |
| Social Security #: | 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 |
| Claim Effective / Start Date: | 11/23/09 |
| Benefit Year Ending Date: | 11/28/10 |
| Weekly Benefit Rate | $000.00 |

# UNEMPLOYMENT INSURANCE
## Monetary Benefit Determination

If the address to the right is not your current address, please call 888-209-8124, or if out of state call 877-358-5306.

JENNIFER S SAUNDERS
117 MAPES AVE
NEWARK NJ 07112

*Keep This Notice For Your Records.*

---

| **Why am I receiving this notice?** | This is a notification of the employment and earnings information we have on file for you in the State of New York. |
|---|---|
| | Our records indicate that you do <u>not</u> meet the earnings required to qualify for Unemployment Insurance Benefits using the Basic or Alternate Base Periods. Please review the information below, along with the Appendix, for Reconsideration Options. |
| | If you submit the Request for Reconsideration Form, continue to claim benefits pending a redetermination of your entitlement. Claim benefits for each week in which you are unemployed by selecting one of the following options: |
| | • Access the internet at www.labor.state.ny.us |
| | • Call Tel-Service at 1-888-864-9920 |

---

| **Qualification Requirements for Unemployment Insurance Benefits** | The checked item(s) below indicate the specific requirement(s) not met and the reason why you do not qualify at this time. |
|---|---|
| | **Requirement Not Met** |
| | [X] Did not work and earn wages in at least two calendar quarters |
| | [X] Not paid at least $1600 in one of the calendar quarters |
| | [ ] Total Base Period Wages are below 1½ times your Highest Quarter Wages |
| | Highest Quarter Wages = $ .00 |
| | $ .00 X 1.5 = S .00 *(1½ times your Highest Quarter Wages)* |
| | *If your highest calendar quarter is more than $8,910.00, total earnings in the <u>other</u> base period quarters must equal at least $4,455.00.* |

---

**Basic/Alternate Base Periods** — Review the breakdown below of employers and earnings that we currently have on file.

| EMPLOYER NAME | Basic Base QUARTER 07/01 - 09/30 2008 | Basic Base QUARTER 10/01 - 12/31 2008 | Basic Base QUARTER 01/01 - 03/31 2009 | Basic Base QUARTER 04/01 - 06/30 2009 | Alternate QUARTER 07/01 - 09/30 2009 | TOTAL BASE PERIOD WAGES |
|---|---|---|---|---|---|---|
| *THE CITY SCHOOL DISTRICT | .00 | .00 | .00 | .00 | | .00 |
| **TOTAL BASIC BASE PERIOD WAGES** | .00 | .00 | .00 | .00 | | .00 |
| **TOTAL ALTERNATE BASE PERIOD WAGES** | | .00 | .00 | .00 | .00 | .00 |

*To provide wage information complete the Request for Reconsideration Form.*

**Is all your wage information reported correctly? If not, see the enclosed Appendix for assistance.**

---

 For questions about this notice, Call 888-209-8124 or if out of state call 877-358-5306

 For additional information visit our website: www.labor.state.ny.us

 For assistance, review your Claimant's Handbook

T402N      (6-06)

# EXHIBIT

# J

**631911**

**NYC**
**Department of**
**Education**

Joel I. Klein
Chancellor

JENNIFER SAUNDERS
175 PROSPECT STREET  23E
EAST ORANGE, NJ  07017

July 2008

File Number: 631911
ISG/Dist/School/: Manhattan/96/IR03
NYC DOE License: 656B
Certificate Type: EX12
Certificate Area: PERFORMING ARTS RADIO

Dear Mr. / Ms.:  SAUNDERS

According to information from the New York State Education Department (SED), you do not hold a valid New York State Teaching Certificate in your license area. **Therefore, your employment was terminated effective July 1, 2008** and you are not eligible to resume full-time teaching service in the New York City public schools when the school year commences on August 28, 2008.

Prior notifications have been made to you regarding your lack of a valid certificate and that this matter needed to be addressed prior to the close of the 2007-08 school year. Should you receive your certification in the coming months and wish to resume full-time teaching service, you must secure your own position.

The following conditions apply to this action:

- You will receive your summer paychecks during July and August 2008.
- Your termination will not affect your eligibility to work during Summer School 2008.
- Although you will be removed from payroll as of July 1, 2008, your health coverage will remain in effect until August 31, 2008. Any deductions for health coverage that are regularly withheld from your paycheck will also be withheld from your July and August paychecks. You will be receiving additional information under separate cover regarding how to apply for COBRA and extend your medical coverage after August 31, 2008. For questions regarding your medical coverage, please contact Glenn Darien, Manager, HR Connect Benefits Administration, (718) 935-4000.
- Additionally, **if you have received a satisfactory rating**, a substitute teaching certificate is being issued to you for use during the 2008-09 school year, should you wish to continue as a substitute teacher. This certificate will be forwarded to you under separate cover. This substitute certificate, effective September 1, 2008, is for day-to-day service only. **This certificate cannot be used for full-time service and is not valid for service in any position which is normally paid on the full-time teacher payroll. Teaching service performed under this certificate will only be paid at the prevailing contractual per diem rate.** Also, please note that you are required to submit documentation of completion of at least six (6) professional education credits due at the end of August of each school year when your employment as a day-to-day Substitute Teacher exceeds forty (40) days. This is required until you have completed all professional education credits needed for New York State certification. You will not be eligible to renew your substitute teaching certificate each year if you do not complete the required credits.
- Once you receive your substitute certificate, you should obtain a Substitute Teacher "Smart Card" identification card. Your "Smart Card" will be issued to you and mailed to your home address under separate cover prior to the 2008-09 school year. For information on obtaining your Smart Card, please call (718) 935-2635. There is no fee for issuance of the Smart Card.

The New York City Department of Education encourages you to continue to work toward completion of your State certification requirements so that you may reapply for full-time teaching employment in the future.

Thank you for your service to the NYC public schools and the students we serve.

Sincerely,

*Danielle Pickens*
Danielle Pickens
Director of Certification
Division of Human Resources

Division of Human Resources, 65 Court Street, Brooklyn, New York 11201
718-935-2462 Telephone  718-935-2720 Fax

# EXHIBIT

# K

Jennifer Saunders hereby declares and says;

1.    On May 28, 2008, I returned to NYC Department of Education's Manhattan Integrated Service Center's Rubber Room located at 333 7th Avenue after having completed an undeserved four month suspension without pay.

2.    Upon arrival I met with the Manhattan Integrated Service Center Payroll Secretary Donna Dennis and inquired as to whether she was able to check records ensuring I had been officially returned to payroll.

3.    Donna Dennis stated that employees are put back on payroll on the first day they return from leave and that after having checked, she confirmed that I had been returned to Teacher Payroll on May 28, 2008.

4.    After inquiring as to the date of my first paycheck, Donna Dennis stated that my first paycheck would be on June 15th since the Payroll Department was busy working on end of the school year summer checks for Teachers,

5.    When I stated that I had not received a paycheck since February and that I should not be forced to wait until June 15th, Donna Dennis stated that she couldn't do anything to help the matter at that time but could have an emergency check generated if I didn't receive one by June 15th.

6.    After filing an Order To Show Cause in New York State Supreme Court, Justice Abdas-Salaam declined to sign it but treat it instead as a Motion in the case pending before her since February 2008.

On Monday, June 16th, after not having received a paycheck, I spoke with Donna Dennis and asked her to create an emergency check.

7.    Approximately one hour later, she returned and stated that she could not create an Emergency Check because after calling the Main Payroll Department at 65 Court Street in Brooklyn, Payroll Officer Edward Zeblin stated that he would not do so "because of my hours in the rubber room".

8.    I was then told by Donna Dennis that I would just have to wait until June 30th and would at that time receive all checks owed to me including June 1, June 15, July 1 and all my subsequent summer checks with a pro-rated one for the month of August.

9.    On Tuesday I got an Order To Show Cause before Justice Abdus-Salaam who declined to sign it but wanted to treat it as a motion for related issues pending and until I paid the necessary fees if any it was stated..

10.     On Monday June 30, I still did not receive a paycheck and at 9:30 am called and spoke with Mr. Edward Zaeblin ,a Payroll Officer located in the Teachers' Payroll Department at 65 Court Street, the DOE headquarters and inquired as to the status of my file and the monies I had due which totaled approximately $5,000 dollars.

11.     At that time, I was told by Edward Zeblin that according to his records I had no monies allocated for a June 30 paycheck.

12.     He stated further that the Payroll Department had closed for the summer and prior to my May 28th return, he had personally called both Donna Dennis and Receptionist Clerk, Esher Aniethez on almost a daily basis to send him my time sheets so that he could process my paychecks that I was due.

13.     Both Donna Dennis and Ester Aninez he stated, told him each time he called, that they did not have the time to send him my time sheets and that he eventually grew weary trying to get them to send the materials he needed and when they eventually did send them, the Main Payroll Department at 65 Court Street had closed for the summer.

14.     He also stated that he did not receive a call from Donna Dennis as she had stated to me on June 16, requesting that he issue an Emergency Check for me because Emergency Checks were written by her Department at the Manhattan Integrated Service Center where Rubber Room Teacher salaries are drawn from.

15.     Upon further review of my file, Mr. Zeblin stated  that he had become suspicious of the time sheets that were finally generated for me because first, it was pass the time in which they knew he could process my checks and secondly because the deductions calculated included an impossible amount of unauthorized and fractional absences in the limited time they stated that they occurred. .

16.      Mr. Zeblin said that when he eventually received my timesheets 48 absences were calculated to be deducted from my paycheck for absences that I had taken between December 21, 2007 and January 25, 2008.

17.     When I stated to Mr. Zeblin that this could not be true because not only was I not absent that many times during that period but that Christmas Vacation started on December 21, and we did not return from our break until after New Year  allowing Teachers only 18 working days until my January 25th suspension.

18.     Mr. Zeblin reiterated that this was what made him suspicious about the accuracy of the timesheets Donna Dennis and Esther Ainez' sent and the manner in which they were handling my case.

19.     According to Mr. Zeblin, my payroll time sheets were altered to reflect a loss of  over $11,000 dollars of my summer pay and would only result in a single paycheck being given to me for $1,800 on July 15th.

20.     When I stated that I intended to file an Affadavit regarding this matter since these were acts of retaliation on the part of The Manhattan Integrated Service Center Staff for which I have related claims pending in both State and Federal Courts, Mr. Zeblin stated upon my request, that he had no problem testifying  as to the truthfulness of what he stated had happened.

21.     Mr. Zeblin also stated that on July 15, 2008 he would send along with the $1,800.00 paycheck that has been generated for me, documentation he received from Donna Dennis authorizing the deduction of 48 days pay for absences between December 21 and January 25,  2008 and an additional 7 days pay authorized to be deducted from my check for absences unauthorized since my return to the rubber room May  28, 2008.


Yours Truly,

Jennifer Saunders