Mr. Santiago Taveras
Local Instructional Superintendent
333 Seventh Avenue
Suite 718
New York, NY 10001

October 19, 2004

Dear Mr. Taveras;

In response to the letter addressed to me by Principal Resnick, dated June 24, 2004, in that it was used as the basis for removing me from the position of Coordinator for the NYC Mentoring Program, I've gathered supporting documents and materials as evidence for determining that the proper provisions for such a removal were disregarded and applied in a discriminatory and capricious manner so as to constitute an abuse of discretion which can justifiably lead to the conclusion that merely capricious and whimsical preferences were used for my removal from this position in the absence of supporting factual reason.

The stipulation of facts that are presented in the letter written by Principal Resnick dated June 24, 2004, as justification for my removal from the position of NYC Mentoring Coordinator is an inaccurate and distorted description of the events that unfolded during the meeting that was held on June 15th 2004 with Lori Mastromauro, NYC Mentoring Program Director, Vice-Principal Nancy Johnson, Principal Resnick and myself.

The purpose of the meeting was not to discuss "certain issues concerning my role as the coordinator of the Mentoring Program, as is stated by Principal Resnick in his June 24th letter, but was instead being held at the request of Lori Mastromauro, to thank me for the accomplishments of the year and in an effort to determine how the programs' standing could be improved during the next school year.

Mr. Resnicks' letter dated June 24th is composed of deliberate half-truths that were conspired long before the meeting of June 15th. First of all, he states in his letter, "I asked you if you had an operation during the school year". After meeting with Resnick about medical illness immediately after my diagnosis in October of 2003, I explained to him, as is mentioned in my monthly report dated October 2003, that I had to consider the need for major surgery but my primary concern and reason for scheduling a meeting to speak with him about it was because the surgery would require that I be on sick leave for 6 weeks. Together we discussed the ramifications of borrowing sick time, leaving student assignments, and scheduling my surgery around school vacation time of the school vacations in order to give myself the required 6 week recover and avoid borrowing to much sick time.

At the opening of the meeting of June 15th, Ms. Mastromauro stated that she had become aware of my need for paperwork reduction which she suggested could be resolved with the help of another teacher who would split per session hours with me and of the medical circumstance that was preventing the timely submission of my monthly status reports. Mastramouro's response to what she read in these reports was, "had she known of my medical illness earlier, she would have been more helpful".

-2-

Lori learned of my medical illness from reading the same monthly status reports that were simultaneously issued to Principal Resnick. While Ms. Mastramouro didn't know of my personal medical circumstance and the 3 untimely deaths that my family was subject to between February and April of last year, my immediate supervisor at the Mentoring program, Anne Powell was kept fully abreast of these changing circumstances. I stayed in close communication with her and was made fully reassured that she was supportive as I had been by Principal Resnick when I met with him earlier in the October 2003 meeting.

Mr. Resnick never asked me as he states in his letter dated June 24th, whether I had an operation during the school year and never did Lori Mautromauro indicate that she believed I did. She had recently read my monthly status reports and would have known if I had been on sick leave. This is just one example of the half-truths that outline Mr. Resnicks' letter. All of the issues stated in it are of this nature. Principal Resnicks' practices are unfair. Mr. Resnicks' action is in violation of our Union contract agreement Article 15C:2

Secondly, the events that unfolded during the aforementioned meeting of June 15th, according to my recollection, were subject to two emotional outbursts by Principal Resnick. One of which was an obvious indication of his intent to misrepresent the facts that were to transpire that day. When my Assistant Principal, Nancy Johnson suggested at the beginning of the meeting that we could do things differently next year, she was interrupted by Principal Resnick who screamed in a very intimidating manner, "Don't say nothing". As Ms. Johnson trembled, I became aware that Mr. Resnick was acting to have me removed from this position.

The second emotional outburst occurred as Ms. Mastramouro, the NYC Program Director thanked me for my effort in matching mentees in lieu of the many kinks and difficulties I encountered, as is mentioned in these same reports. Abruptly, Principal Resnick shouted, "I thought this was gonna be a fact-finding session." Ultimately, as Ms. Mastramouro continued to thank me for carrying forward student trips and activities, for holding mentee meetings focusing on college application processing, and most importantly, for convincing Kirkpatrick and Lockhart to agree to be background checked and fingerprinted, Mr. Resnick stood up from his chair, backed his body up to an adjacent wall, shook violently in the middle of the floor and shouted, "I need this meeting to end." As Ms. Mastramauro attempted to conclude, Mr. Resnick shouted a second and third time, "I need this meeting to end". Principal Resnicks' behavior was so extremely intimidating and unprofessional that with his final outburst, I left the office. Vice Principal Johnson and Lori Mastramouro stayed behind. For these reasons, Principal Resnick is in violation of our union contract agreement; Article 23:A.

Finally, Mr. Resnick states in the letter dated June 15th, that the documents and other materials that I submitted to the NYC Mentoring Program were incomplete and useless. The aforementioned materials (monthly status reports) are attached for further consideration of the merit of this claim. The suggestion by Principal Resnick that I attempted to use the death of family members and a medical illness to substantiate a poor performance for the year is demeaning and mean-spirited. The act of having placed a letter in my teacher file further exemplifies the inflammatory remarks and actions routinely taken by him to prejudice my professional reputation and standing among co-workers, colleagues and students. For these reasons, Principal Resnick is in violation of our union contract agreement; Article 22: A.

Jennifer Saunders
Photography Teacher