## OCTOBER 2004
### III. ABSENCES, LATENESS AND RELIGIOUS ACCOMMODATIONS

Q: Are teachers required to be in the classroom at the start of the school day?

A: Yes. Classroom-based teachers are required to be *in their class* at the start of the school day – i.e. when the students arrive. The time that it takes the teacher to get to his/her class is not part of the 6 hour and 30 minute day.

Likewise, all other employees must be at their work assignments at the beginning of their workday.

Q: Can I deduct time or salary for absences and/or excessive lateness?

A: Yes.

Classroom-based Teachers: They are considered both "late" and "fractionally absent" if they do not report to class on time.

If the fractional absence is *approved* for personal business or for illness and is in the aggregate more than 30 minutes, then the teachers' CAR balance is reduced. If the total fractional absences is 6 hours or more, than for each six hours one day is deducted from the CAR balance. If the total fractional absences is less than 6 hours but more than 3 hours 20 minutes, one day is deducted from CAR. If the balance in CAR is not sufficient to cover the fractional absences, then there is a salary deduction.

If the fractional absence is *approved* as non-attendance, there is no salary deduction.

If the fractional absence is *not approved* for illness or non-attendance, then the teacher's salary will be docked. (Source: Chancellor's Regulation C-601).

Non-Teaching Staff: They are considered to be late if they arrive up to 5 minutes after the start of the work day or up to 3 minutes after the time set for their return from lunch and fractionally absent if later than the 5/3 minute window. Their salary or CAR balance may be docked/reduced as described above. (Source: Chancellor's Regulation C-601).

Q: Can an employee be rated unsatisfactory for excessive absenteeism even though many – or all – absences are excused (e.g. for medical reasons)?

A: Yes. Excused absences "which are so numerous as to limit the effectiveness of service" may lead to discipline and/or an unsatisfactory rating. Depending on the circumstances, you may want to inquire about the possibility of a medical leave of absence, which you should discuss with your Regional Counsel. (Chancellor's Regulation C-601).

Q: If I suspect that an employee's self-treated absence is fabricated, may I reprimand this employee?

A: Yes. If you determine, after an investigation, that an employee was not in fact sick, this absence is unauthorized and you may dock this employee's salary and/or counsel or reprimand the employee. Please consult your Regional Counsel and/or the Office of Labor Relations prior to taking such action.

Q: What do I do if a teacher fails to show up for work?

A. After absences on 10 consecutive school days, notify the teacher, in writing and by certified mail, that s/he must contact the school immediately. If, after 20 consecutive school days, the teacher has not notified you, send

OCTOBER 2004

the teacher a second letter stating that s/he shall be deemed to have resigned. (Source: Teachers' Contract, Article 5).

Q: What if I forgot to send the first letter (i.e. the letter after a 10 consecutive school-day absence) and the teacher has been absent for 20 consecutive school days?

A: That is okay. Simply send a final letter informing the employee that s/he has been deemed to have resigned.

> ~ *Best Practice* ~
> Make sure that your letters to a teacher regarding an extended unexcused absence are sent via regular *and* certified, registered mail.

Q: How many personal and sick days do teachers get each year?

A: Ten (10) self-treated sick days of which 3 can be used for personal business and 2 for the care of a sick family member.

Q: When can I deny a request for a personal day?

A: If you (a) did not receive advance notice; or (b) the activity is something that can be conducted either after school or on the weekend.

*Note*: Teachers are allowed to use 3 of their 10 sick leave days for personal business; 2 of the 3 personal days may be used to care for a "family member." (Source: Teachers' Contract, Article 16).

Q: Can I require that a teacher provide a doctor's note for any or all the 10 self-treated sick days?

A: Normally no. However you may require a note if (1) there is a pattern of improper use of sick day days/absences (e.g. before/after a holiday or long weekend), in which case you should put the employee on notice that you will require a note for absences on days before or after holidays as a result of the pattern; or (2) the employee is absent for more than 3 consecutive days.

Q: How do I handle a request for an extended leave of absence based on either the birth/adoption of a child, the employee's own serious health condition, or because the employee needs to care for a child, spouse or parent with a serious health condition?

A: Contact the Division of Human Resources.

Pursuant to the Family Medical Leave Act ("FMLA"), the Department will grant eligible employees up to twelve (12) weeks of unpaid leave during a twelve (12) month period to spend time with a newborn, newly-adopted, or newly-placed child; to care for a child, spouse or parent with a serious medical condition; or due to the employee's own serious health condition. The 12 month period begins on the first day of the employee's first Family or Medical leave. To be eligible for FMLA leave, an employee must meet certain eligibility requirements, including having worked for the Department for at least one year, having completed at least 1,250 hours of work in the 12 month period immediately preceding the leave. This leave may be with or without pay depending on the type of leave and the number of days in the employee's CAR.

*Note*: The FMLA is a complicated statute and mandates that employers provide certain notifications according to a specific timetable. Moreover, there are special rules that apply to schools for instructional staff. Therefore, it

14

OCTOBER 2004

is important that all inquiries made by employees regarding FMLA leave be immediately directed to the Division of Human Resources.

*Note*: The FMLA requires employers to display, in a conspicuous area, a poster notifying employees of their FMLA rights. Confirm that your school has such a poster. If not, contact the Division of Human Resources.

> ~ *Best Practices* ~
>
> ***Immediately*** upon receipt of a request for FMLA leave send an email to both (a) your school's personnel manager; and (b) the Division of Human Resources.
>
> ***Confirm*** that your school has an FMLA poster in a central locations (e.g. teacher lunchroom..

Q: What do I do if an employee asks for a day off or early release to observe a religious holiday or Sabbath?

A: Pursuant to Chancellor's Regulation C-606, you must consider the request based on the reasonableness of the request (e.g., how much time is the employee asking to take off for the particular religious observance), how much advance notice you received, and the needs of the school (i.e. the impact on the students if a teacher or many teachers take the day off or whether a substitute is available).

Q: Must I give the teacher the entire day off for religious observance or Sabbath observance?

A: No, depending on the requirements of the religion and the balancing of the factors set forth above. Other efforts to accommodate may include consideration of alternative work schedules, e.g., leaving early. Consult with your Regional Counsel or the Office of Labor Relations before denying a request for a religious observance day.

Q: Must the employee attempt to reach an alternate arrangement?

A: Yes. Chancellor's Regulation C-606 also places a duty on the employee to consider alternative arrangements.

Q: If I grant the day off, may a day be deducted from the employee's CAR?

A: There are two options: (1) an employee may take time off for religious observation and use 1 of his/her 3 *personal* days (see question above regarding personal and sick days), in which case the time will be charged against his/her accrued annual leave or overtime balance/compensatory time; or (2) an employee may use a non-attendance day for religious observance, in which case the employee is paid his/her salary less the cost of a per diem substitute.

Q: If I granted particular religious observance days in the past, must I do so in the future?

A: No. Each year's request should be considered anew and the decision should be made after consideration of the factors described above.

15

**OCTOBER 2004**

*Note:* Contact your Regional Counsel prior to approving or denying a request for a religious accommodation.

> ~ *Best Practice* ~
> Ask your employees at the beginning of the year to inform you in writing which days they know in advance they wish to take off for religious observance or other personal reasons.