OCTOBER 2004
## VII. DISCIPLINARY LETTERS, COUNSELING MEMORANDUM AND NON-FILE LETTERS

1. **Disciplinary Letters.**

Q: How should I evaluate pedagogues?

A: The best way to document evaluations is through (1) letters for the employee's file; (2) formal observation reports (which are required); and (3) informal observation reports (which are encouraged).

Q: Can all types of employees grieve material in their personnel files?

A: Yes.

    Pedagogues: These employees can grieve individual letters and other "material derogatory to a teacher's conduct, service, character or personality" in their files. Letters (or other material) will be removed if "unfair or inaccurate." (Source: Teachers' Contract, Article 21A)

    Non-Pedagogues: School Aides, Paraprofessionals and Parent Coordinators: These employees may grieve a disciplinary letter, however, it is not subject to the "unfair or inaccurate" standard and thus, it is very difficult for these employees to succeed in the grievance process. These employees may only get a non-binding recommendation from an arbitrator, who cannot direct that the letter be removed from their file or rewritten.

Q: What are the rules for writing disciplinary letters?

A: In general, you should investigate and have a disciplinary conference with the employee prior to issuing a disciplinary letter for misconduct. In most cases, these steps can be followed with a modest investment of time and effort – a couple of hours over a few days – and failure to follow them could lead to the letter being removed at arbitration.

1. **Investigate.**
   - Interview all relevant witnesses separately.
   - If OSI is investigating, participate in the interviews of children and witnesses, whenever possible.
   - Ask detailed questions: "who else was present," "what was said," and "anything else."
   - Keep detailed notes (include dates and times).
   - If practicable, have another supervisor participate.

2. **Schedule A Disciplinary Conference With Employee.**
   - Summon employee to a disciplinary meeting, in writing, and state that s/he may bring a union representative (for cases not involving corporal punishment or verbal abuse you do not need to invite the employee in writing however it is a good practice to summon the employee in writing so that you may later demonstrate that the employee was given an opportunity to bring a union representative).
   - Principals must provide 48 hours notice only in a case involving corporal punishment or verbal abuse (Source: Chancellor's Regulations A-420 and A-421). (A LIS or Regional Superintendent must give 48 hours notice in all cases where s/he summons an employee.)
   - In all other cases provide whatever notice is practicable.

3. **Conduct Disciplinary Conference.**
   - If practicable, have another supervisor participate.
   - Present allegations.
   - Ask employee what happened.

26

OCTOBER 2004

- If the employee denies the misconduct, ask him/her to *(1) identify witnesses who would substantiate his/her story;* and *(2) why other witnesses may be wrong or would lie.*
- Do not share student witness statements and names unless and until the teacher signs the privacy acknowledgment; otherwise provide the statements without names. (See Sample Privacy Acknowledgement attached as Appendix A).

4. **Supplemental Investigation**.
   - Interview any additional relevant witnesses identified by the employee and reconcile discrepancies.

5. **Prepare Letter**. Include:
   - Date of disciplinary meeting and attendees;
   - Recitation of allegations, summary of investigation, and evidence (attach witness statements);
   - Employee's response (include exact statements);
   - Whether employee identified any witnesses, whether such witnesses were credible or had relevant information;
   - Whether employee provided any basis for doubting credibility of contrary witnesses;
   - Definitive conclusion of fact (e.g. "I conclude that on April 1, 2003 you hit Johnny in the face."). Do not use phrases like "it appears that" or "witnesses state that you;" make a decision about what happened.
   - *Tenured Pedagogues*: Include disciplinary conclusion – e.g. "this incident may lead to further disciplinary action, including an unsatisfactory rating and charges that may lead to your termination." You must include this in all cases, regardless whether you believe charges may be brought.
   - *Non-Tenured Pedagogues and Non-Pedagogues*: If serious, consult Regional Counsel regarding suspension or termination.
   - *Note:* "3 Month Rule" – In most cases, the letter must be given to the employee within 3 months of its occurrence (not including summer). Letters based on incidents investigated by the Chancellor (e.g. Office of Special Investigations) must be memorialized in a letter within 6 months and letters based on investigations by an outside governmental agency (e.g. Special Commissioner of Investigation for the New York City School District) must be written within 12 months from the date of the incident. (Source: Teachers' Contract, Article 21C3).
   - In the event the employee refuses to attend the meeting, your attempts to conduct the meeting should be detailed in the letter.

6. **Delivery / Acknowledgement**.
   - Provide copy to employee and obtain his/her signature.
   - The employee may prepare written response to the letter. If so, affix employee response to the letter in the file.
   - If employee refuses to sign, mark the letter "refused to sign" and you and a witness should sign and date the letters.

*NOTE: Sample disciplinary letters are attached as Appendix B; See Disciplinary Letters for an Employee's File flowchart at p. 3.*

Q: Can I include reports or witness statements in a personnel file?

A: Yes provided that the reports and/or statements are attached to the supervisor's letter in which the supervisor comes to a definitive conclusion pursuant to the above guidelines.

Q: If I witnessed the incident do I still need to conduct an investigation and follow the other steps above?

27

OCTOBER 2004

- If the employee denies the misconduct, ask him/her to *(1) identify witnesses who would substantiate his/her story;* and *(2) why other witnesses may be wrong or would lie*.
- Do not share student witness statements and names unless and until the teacher signs the privacy acknowledgment; otherwise provide the statements without names. (See Sample Privacy Acknowledgement attached as Appendix A).

4. **Supplemental Investigation**.
   - Interview any additional relevant witnesses identified by the employee and reconcile discrepancies.

5. **Prepare Letter**. Include:
   - Date of disciplinary meeting and attendees;
   - Recitation of allegations, summary of investigation, and evidence (attach witness statements);
   - Employee's response (include exact statements);
   - Whether employee identified any witnesses, whether such witnesses were credible or had relevant information;
   - Whether employee provided any basis for doubting credibility of contrary witnesses;
   - Definitive conclusion of fact (e.g. "I conclude that on April 1, 2003 you hit Johnny in the face."). Do not use phrases like "it appears that" or "witnesses state that you;" make a decision about what happened.
   - *Tenured Pedagogues*: Include disciplinary conclusion – e.g. "this incident may lead to further disciplinary action, including an unsatisfactory rating and charges that may lead to your termination." You must include this in all cases, regardless whether you believe charges may be brought.
   - *Non-Tenured Pedagogues and Non-Pedagogues*: If serious, consult Regional Counsel regarding suspension or termination.
   - *Note:* "3 Month Rule" – In most cases, the letter must be given to the employee within 3 months of its occurrence (not including summer). Letters based on incidents investigated by the Chancellor (e.g. Office of Special Investigations) must be memorialized in a letter within 6 months and letters based on investigations by an outside governmental agency (e.g. Special Commissioner of Investigation for the New York City School District) must be written within 12 months from the date of the incident. (Source: Teachers' Contract, Article 21C3).
   - In the event the employee refuses to attend the meeting, your attempts to conduct the meeting should be detailed in the letter.

6. **Delivery / Acknowledgement**.
   - Provide copy to employee and obtain his/her signature.
   - The employee may prepare written response to the letter. If so, affix employee response to the letter in the file.
   - If employee refuses to sign, mark the letter "refused to sign" and you and a witness should sign and date the letters.

*NOTE: Sample disciplinary letters are attached as Appendix B; See Disciplinary Letters for an Employee's File flowchart at p. 3.*

Q: Can I include reports or witness statements in a personnel file?

A: Yes provided that the reports and/or statements are attached to the supervisor's letter in which the supervisor comes to a definitive conclusion pursuant to the above guidelines.

Q: If I witnessed the incident do I still need to conduct an investigation and follow the other steps above?

27

OCTOBER 2004

A: Yes. If the incident is corporal punishment or verbal abuse, you must interview any other relevant witnesses. For other incidents of misconduct, it is a good idea so that it is not simply your word against the employee.

In any case, you should follow steps 2-6 above even if you witnessed the incident.

Q: What do I do if the employee or union representative approaches the student witnesses and talks to them about the incident?

A: This is an independent act of misconduct and a potentially terminable offense.

At a minimum, the employee who has contacted the students should be disciplined (follow disciplinary letter steps and consider whether suspension/termination appropriate). If the employee is intimidating students, this employee should be removed/terminated. In either case, consult your Regional Counsel.

Q: Can an employee bring a lawyer to a disciplinary conference instead of his/her union representative or an employee?

A: No – if an employee insists on bringing a lawyer, do not proceed with the conference and document the reasons.

Q: If I observed the teacher's lesson and want to memorialize the observation, do I still have to follow the rules above?

A: If you did not witness any misconduct, then no; this is an informal observation and you should follow the rules set forth below. (See: Discussion below regarding observations, p.31).

Q: What if I fail to follow one, or several, of the steps regarding disciplinary letters and the teacher demands that the letter be removed from the file?

A: Do not remove the letter. Contact your Regional Counsel or the Office of Labor Relations.

*NOTE*: First, the rules set forth above are not all contractually required, but rather are based on the Department's assessment of what arbitrators will likely require. Second, just because you do not follow all the steps above, there are options short of removing the letter from the teacher's file. At a grievance hearing you and the teacher can agree to rewrite the letter or the arbitrator can rewrite the letter without either side's consent to make it "accurate and fair."

Q: What if an employee refuses to sign a letter?

A: First, as stated above, you and another witness sign and date the letter and mark "refuse to sign" on the employee's signature line. Second, you may write up the employee for insubordination. The Teachers Contract (as well as other collective bargaining agreements) requires that teachers acknowledge receipt by signing. (Source: Teachers' Contract, Article 21A1). Prior to writing such an insubordination letter, you should follow disciplinary letter writing steps 2-6, p. 26-27.

2.  **Disciplinary File Letters Based on Third Party Reports (e.g. OSI Reports).**

Q: How should a report from the Office of Special Investigations ("OSI") or other third party investigative report affect how I write a letter?

28

OCTOBER 2004

A: Yes. If the incident is corporal punishment or verbal abuse, you must interview any other relevant witnesses. For other incidents of misconduct, it is a good idea so that it is not simply your word against the employee.

In any case, you should follow steps 2-6 above even if you witnessed the incident.

Q: What do I do if the employee or union representative approaches the student witnesses and talks to them about the incident?

A: This is an independent act of misconduct and a potentially terminable offense.

At a minimum, the employee who has contacted the students should be disciplined (follow disciplinary letter steps and consider whether suspension/termination appropriate). If the employee is intimidating students, this employee should be removed/terminated. In either case, consult your Regional Counsel.

Q: Can an employee bring a lawyer to a disciplinary conference instead of his/her union representative or an employee?

A: No – if an employee insists on bringing a lawyer, do not proceed with the conference and document the reasons.

Q: If I observed the teacher's lesson and want to memorialize the observation, do I still have to follow the rules above?

A: If you did not witness any misconduct, then no; this is an informal observation and you should follow the rules set forth below. (See: Discussion below regarding observations, p.31).

Q: What if I fail to follow one, or several, of the steps regarding disciplinary letters and the teacher demands that the letter be removed from the file?

A: Do not remove the letter. Contact your Regional Counsel or the Office of Labor Relations.

*NOTE*: First, the rules set forth above are not all contractually required, but rather are based on the Department's assessment of what arbitrators will likely require. Second, just because you do not follow all the steps above, there are options short of removing the letter from the teacher's file. At a grievance hearing you and the teacher can agree to rewrite the letter or the arbitrator can rewrite the letter without either side's consent to make it "accurate and fair."

Q: What if an employee refuses to sign a letter?

A: First, as stated above, you and another witness sign and date the letter and mark "refuse to sign" on the employee's signature line. Second, you may write up the employee for insubordination. The Teachers Contract (as well as other collective bargaining agreements) requires that teachers acknowledge receipt by signing. (Source: Teachers' Contract, Article 21A1). Prior to writing such an insubordination letter, you should follow disciplinary letter writing steps 2-6, p. 26-27.

2.  **Disciplinary File Letters Based on Third Party Reports (e.g. OSI Reports).**

Q: How should a report from the Office of Special Investigations ("OSI") or other third party investigative report affect how I write a letter?

28

OCTOBER 2004

A: Yes. In order to be a counseling memo you must include the following language:

- <u>**"COUNSELING MEMO"**</u> -- Must be written at the top of the memo in bold print, capital letters and underlined.

- **"A counseling memo is not disciplinary in any manner and cannot be used in any action against an employee except to prove notice if the employee denies notice."** – must be in the conclusion of the memo and appear in bold print.

*NOTE*: If a teacher complains that a counseling memo does not have these two statements the remedy is simply to include them. Of course, to be a legitimate counseling memorandum, even if you include these two statements, you cannot elsewhere imply that the employee is subject to discipline.

Q: What utility does a counseling memorandum serve in disciplining an employee?

A: Little, because as stated above, you cannot use a counseling memorandum in the disciplinary process except to prove notice (<u>e.g.</u> notice regarding a school policy) when the teacher denies that s/he received notice.

Q: Can I include specific incidents in a counseling memorandum?

A: Yes. The contract states that the latest incident recounted in a counseling memo cannot be more than a month prior to the writing of the memo and the first and last incident in the memo cannot be more than four months apart.

However, remember that a counseling memo can only be used to prove that you notified the teacher of some rule or policy if the teacher denies that s/he was notified. If you are attempting to discipline a teacher, do not use a counseling memo but rather disciplinary letters. You may wish to use counseling memos as a benign first message to a teacher needing to correct a minor performance problem, but follow it up with a disciplinary letter if not corrected within a reasonable period. (Remember: An incident must be documented in a non-counseling disciplinary letter within 3 months of its occurrence.)

4.  **Non-File Unofficial Letters.**

Q: Can I write a letter that is not for an employee's personnel file?

A: Yes, but they are of limited use.

One use is to warn or put a teacher on notice of school rules or polices or your expectations for the teacher. However the better course of action is to use a Counseling Memorandum (see above). The only way you can later put the non-file letter in a file is if you attach it to a later disciplinary letter for the file.

Another use for a non-file letter is to document an event and use the letter to later refresh your recollection regarding an incident when testifying at a teacher's rating appeal or disciplinary hearing. However, your own personal log would suffice for this purpose.

If you wish to document a particular incident of misconduct you should not use a "non-file" letter or Counseling Memorandum, but rather a disciplinary letter.

OCTOBER 2004

A: The investigative report is part of your evidence that you must discuss with the employee at the disciplinary conference and may rely on it in reaching a conclusion. You should contact the investigator to discuss any questions you have regarding the report. You should present the report and any other pertinent information you have to the employee at the disciplinary meeting.

*Note*: Regardless of existence of a report you should still follow the disciplinary letter writing steps above, p. 26-27.

Q: Should I participate in the OSI investigator's interview of witnesses?

A: Yes, unless the OSI investigator asks you not to for some reason. By being present during the interviews of witnesses, you will be able to state to the employee during the disciplinary meeting that the account of the witness statements is accurate and witnesses are credible.

Q: What if I disagree with the report's conclusion?

A: As supervisor, you are responsible for making any final decisions regarding discipline of any employee in your school. If necessary, you may conduct additional interviews. However, prior to reaching a conclusion contrary to the OSI report's conclusion, contact your Regional Counsel.

Q: What if I agree with the report's conclusion that the allegation should be substantiated but there is a flaw (e.g. an adult witness was not interviewed) in the investigation?

A: This is another reason why you should not simply rely on the report as definitive of an employee's guilt or innocence – if the investigation was flawed, then your conclusion could be as well.

In the event that you believe there is a significant flaw in the report, prior to conducting the disciplinary meeting you should talk to the investigator and your Regional Counsel and take whatever steps are necessary to complete the investigation, e.g., interview additional witnesses.

If the flaw is simply the way in which the report is written, you can correct the error when writing your disciplinary letter – e.g. "In the report the investigator refers to the witnesses as 'she'. However, as we discussed at the disciplinary meeting, the witnesses were boys and the investigator had informed me that this was just a typographical error. Notwithstanding this error, I agree with the report's conclusion that on April 1, 2003 you smacked Johnny in the face."

As with all labor relations matters, you may also contact your Regional Counsel or the Director of Office of Labor Relations to assist you in reconciling an error in the report.

3.   **Counseling Memorandum for File.**

Q: What is a counseling memorandum?

A: A counseling memorandum is a non-disciplinary memo to an employee's personnel file wherein you make certain suggestions to the teacher. It cannot be grieved by the teacher. However, you may not use it in your rating or discipline of a teacher, except to prove that you gave notice to a teacher when the teacher denies notice. (Source: Teachers' Contract, Article 21B). As a result, these memos are of very limited value as a disciplinary tool.

Q: Are there any rules with respect to what language must be included in a counseling memorandum?

OCTOBER 2004

A: Yes. In order to be a counseling memo you must include the following language:

- <u>**"COUNSELING MEMO"**</u> -- Must be written at the top of the memo in bold print, capital letters and underlined.

- **"A counseling memo is not disciplinary in any manner and cannot be used in any action against an employee except to prove notice if the employee denies notice."** – must be in the conclusion of the memo and appear in bold print.

*NOTE*: If a teacher complains that a counseling memo does not have these two statements the remedy is simply to include them. Of course, to be a legitimate counseling memorandum, even if you include these two statements, you cannot elsewhere imply that the employee is subject to discipline.

Q: What utility does a counseling memorandum serve in disciplining an employee?

A: Little, because as stated above, you cannot use a counseling memorandum in the disciplinary process except to prove notice (e.g. notice regarding a school policy) when the teacher denies that s/he received notice.

Q: Can I include specific incidents in a counseling memorandum?

A: Yes. The contract states that the latest incident recounted in a counseling memo cannot be more than a month prior to the writing of the memo and the first and last incident in the memo cannot be more than four months apart.

However, remember that a counseling memo can only be used to prove that you notified the teacher of some rule or policy if the teacher denies that s/he was notified. If you are attempting to discipline a teacher, do not use a counseling memo but rather disciplinary letters. You may wish to use counseling memos as a benign first message to a teacher needing to correct a minor performance problem, but follow it up with a disciplinary letter if not corrected within a reasonable period. (Remember: An incident must be documented in a non-counseling disciplinary letter within 3 months of its occurrence.)

4. **Non-File Unofficial Letters.**

Q: Can I write a letter that is not for an employee's personnel file?

A: Yes, but they are of limited use.

One use is to warn or put a teacher on notice of school rules or polices or your expectations for the teacher. However the better course of action is to use a Counseling Memorandum (see above). The only way you can later put the non-file letter in a file is if you attach it to a later disciplinary letter for the file.

Another use for a non-file letter is to document an event and use the letter to later refresh your recollection regarding an incident when testifying at a teacher's rating appeal or disciplinary hearing. However, your own personal log would suffice for this purpose.

If you wish to document a particular incident of misconduct you should not use a "non-file" letter or Counseling Memorandum, but rather a disciplinary letter.