UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

JENNIFER SAUNDERS,

                                         Plaintiff,

- against -

NYC DEPARTMENT OF EDUCATION, et al.,

                                       Defendants.

**NOTICE TO PRO-SE LITIGANT**

07 CV 2725 (SJF)(LB)

---------------------------------------------------------------------------x

      **PLEASE TAKE NOTICE** that pursuant to Rule 12 of the Federal Rules of Civil Procedure and Rule 12.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendant New York City Department of Education, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, hereby notifies the plaintiff that:

      1. The defendant in this case has moved to dismiss for judgment on the pleadings pursuant to Rule 12(b) or 12(c) of the Federal Rules of Civil Procedure.  This means that the defendant has asked the Court to decide this case without a trial, based on written materials.  You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  For this reason, **THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION** by filing sworn affidavits and other papers as required by Rule 56(e).  An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.  The full text of Rule 56 of the Federal Rules of Civil Procedure is attached.

2.      In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint.  Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendants and raising material issues of fact for trial.  Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavit of others.  You may submit affidavits that were prepared specifically in response to the City Defendants' motion for summary judgment.

3.      If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the material facts asserted by the defendant, the Court may accept the defendant's factual assertions as true.  Judgment may then be entered in the defendant's favor without a trial.

4.      If you have any questions, you may direct them to the *Pro-Se* Office.

Dated:      New York, New York
            February 26, 2010

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendant New York City
                                Department of Education
                                100 Church Street, Room 2-115
                                New York, New York 10007-2601
                                (212) 788-1158

By:     _____
                                Daniel Chiu
                                Assistant Corporation Counsel

To:   **JENNIFER SAUNDERS**
      Plaintiff *Pro Se*
      c/o Paul Santucci
      692 Alban Street
      Teaneck, New Jersey 07666
      (973) 678-2881

      **NYSUT**
      Attorney for Defendants Randi Weingarten and Patricia Crispino
      52 Broadway, 9th Floor
      New York, New York 10004
      (5212) 533-6300

# APPENDIX A

**Rule 55**                    RULES OF CIVIL PROCEDURE

the Federal Rules, 1940, 3 Fed.Rules Serv. 725; *3 Moore's Federal Practice*, 1938, Cum.Supplement § 55.02.

### 1987 Amendment

The amendments are technical.  No substantive change is intended.

### 2007 Amendments

The language of Rule 55 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Former Rule 55(a) directed the clerk to enter a default when a party failed to plead or otherwise defend "as provided by these rules." The implication from the reference to defending "as provided by these rules" seemed to be that the clerk should enter a default even if a party did something showing an intent to defend, but that act was not specifically described by the rules. Courts in fact have rejected that implication. Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule. "[A]s provided by these rules" is deleted to reflect Rule 55(a)'s actual meaning.

Amended Rule 55 omits former Rule 55(d), which included two provisions. The first recognized that Rule 55 applies to described claimants. The list was incomplete and unnecessary. Rule 55(a) applies Rule 55 to any party against whom a judgment for affirmative relief is requested. The second provision was a redundant reminder that Rule 54(c) limits the relief available by default judgment.

### 2009 Amendments

*[Effective December 1, 2009, absent contrary Congressional action.]*

The time set in the former rule at 3 days has been revised to 7 days.  See the Note to Rule 6.

## Rule 56.   Summary Judgment

*[Text of subdivision (a) effective until December 1, 2009, absent contrary Congressional action.]*

**(a) By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:

   (1) 20 days have passed from commencement of the action; or

   (2) the opposing party serves a motion for summary judgment.

*[Text of subdivision (a) effective December 1, 2009, absent contrary Congressional action.]*

**(a) By a Claiming Party.**  A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

*[Text of subdivision (b) effective until December 1, 2009, absent contrary Congressional action.]*

**(b) By a Defending Party.** A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

*[Text of subdivision (b) effective December 1, 2009, absent contrary Congressional action.]*

**(b) By a Defending Party.**  A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

*[Text of subdivision (c) effective until December 1, 2009, absent contrary Congressional action.]*

**(c) Serving the Motion; Proceedings.** The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

*[Text of subdivision (c) effective December 1, 2009, absent contrary Congressional action.]*

**(c) Time for a Motion, Response, and Reply;  Proceedings.**

   (1) These times apply unless a different time is set by local rule or the court orders otherwise:

      **(A)** a party may move for summary judgment at any time until 30 days after the close of all discovery;

      **(B)** a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and

      **(C)** the movant may file a reply within 14 days after the response is served.

   (2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

**(d) Case Not Fully Adjudicated on the Motion.**

   (1) ***Establishing Facts.*** If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining

the plead
interroga
issue an
ing items
genuinely
be treatec

   (2) ***Establis***
   summary
   bility alor
   the amou

**(e) Affidavits; Fu**

   (1) ***In Gener***
   vit must l
   out facts
   dence, an
   to testify
   part of a ;
   sworn or
   or served
   permit ar
   opposed b
   tories, or

   (2) ***Opposing***
   When a
   properly
   party may
   denials in
   sponse m
   provided
   showing a
   posing pa
   judgment
   against th

**(f) When Affidav**
   opposing the r
   specified reaso
   to justify its op

   (1) deny the n

   (2) order a co
   obtained,
   discovery

   (3) issue any (

**(g) Affidavit Sub**
   that an affidav
   bad faith or so.
   the submitting
   reasonable exp
   incurred as a r
   ney may also b

(Amended December
January 21, 1963, ei
effective August 1, 19
1, 2007; March 26, 20
contrary Congression:

**Complete Annotation Materials, see Title 28 U.S.C.A.**

JUDGMENT                                                                      **Rule 56**

the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts—including items of damages or other relief—are not genuinely at issue. The facts so specified must be treated as established in the action.

(2) ***Establishing Liability.*** An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

**(e) Affidavits; Further Testimony.**

(1) ***In General.*** A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

(2) ***Opposing Party's Obligation to Respond.*** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

**(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

**(g) Affidavit Submitted in Bad Faith.** If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007; March 26, 2009, effective December 1, 2009, absent contrary Congressional action.)

**ADVISORY COMMITTEE NOTES**
**1937 Adoption**

This rule is applicable to all actions, including those against the United States or an officer or agency thereof.

Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively used in England for more than 50 years and has been adopted in a number of American states. New York, for example, has made great use of it. During the first nine years after its adoption there, the records of New York county alone show 5,600 applications for summary judgments. Report of the Commission on the Administration of Justice in New York State (1934), p. 383. See also *Third Annual Report of the Judicial Council of the State of New York* (1937), p. 30.

In England it was first employed only in cases of liquidated claims, but there has been a steady enlargement of the scope of the remedy until it is now used in actions to recover land or chattels and in all other actions at law, for liquidated or unliquidated claims, except for a few designated torts and breach of promise of marriage. *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 3, r. 6; Orders 14, 14A, and 15; see also O. 32, r. 6, authorizing an application for judgment at any time upon admissions. In Michigan (3 Comp.Laws (1929) § 14260) and Illinois (Smith-Hurd Ill.Stats. c. 110, §§ 181, 259.15, 259.16), it is not limited to liquidated demands. New York (N.Y.R.C.P. (1937) Rule 113; see also Rule 107) has brought so many classes of actions under the operation of the rule that the Commission on Administration of Justice in New York State (1934) recommend that all restrictions be removed and that the remedy be available "in any action" (p. 287). For the history and nature of the summary judgment procedure and citations of state statutes, see Clark and Samenow, *The Summary Judgment* (1929), 38 Yale L.J. 423.

**Note to Subdivision (d).** See Rule 16 (Pre-Trial Procedure; Formulating Issues) and the Note thereto.

**Note to Subdivisions (e) and (f).** These are similar to rules in Michigan. Mich.Court Rules Ann. (Searl, 1933) Rule 30.

**1946 Amendment**

**Note to Subdivision (a).** The amendment allows a claimant to move for a summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. This will normally operate to permit an earlier motion by the claimant than under the original rule, where the phrase "at any time after the pleading in answer thereto has been served" operates to prevent a claimant from moving for summary judgment, even in a case clearly proper for its exercise, until a formal answer has been filed. Thus in *Peoples Bank v. Federal Reserve Bank of San Francisco,* N.D.Cal.1944, 58 F.Supp. 25, the plaintiff's countermotion for a summary judgment was stricken as premature, because the defendant had not filed an answer. Since Rule 12(a) allows at least 20 days for an answer, that time plus the 10 days required in Rule 56(c) means that under original Rule 56(a) a minimum period of 30 days necessarily has to elapse in every case before the claimant can be heard on his right to a summary judgment. An extension of time by the court or the service of preliminary motions of any kind will prolong

**Complete Annotation Materials, see Title 28 U.S.C.A.**
265

## CERTIFICATION OF SERVICE

I, Daniel Chiu, hereby certify that:

On February 26, 2010, I served the annexed Notice to *Pro Se* Litigant by depositing a true and correct copy, into the custody of United States Postal Service, in an enclosed envelope with sufficient postage for first-class mail addressed to:

Jennifer Saunders, *pro se*
c/o Paul Santucci
692 Alban Street
Teaneck, New Jersey 07666

NYSUT
Attorney for Defendants Randi Weingarten and Patricia Crispino
52 Broadway, 9th Floor
New York, New York 10004

I certify under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      February 26, 2010

                                                Daniel Chiu