UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JENNIFER SAUNDERS,

                            Plaintiff,

- against-

NYC DEPARTMENT OF EDUCATION,
RESNICK, Principal, RENAL PITON,
Assistant Principal, MATT GUTTMAN,
Assistant Principal, SANTIAGO TAVERAS,
Local Instructional Superintendent, DONNA
DENNIS, Department of Education Human
Resources Assistant, and ESTHER ANTHINEZ,
Department of Education Human Resources
Assistant,

                            Defendants.
----------------------------------------------------------X

**OPINION AND ORDER**
**07 CV 2725 (SJF)(LB)**

FEUERSTEIN, J.

On July 3, 2007, plaintiff Jennifer Saunders ("plaintiff") filed a *pro se* complaint against defendant New York City Department of Education ("the DOE"), alleging employment discrimination based upon her age, race and sex, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq*. By order dated July 14, 2009, I granted the DOE's motion to dismiss the complaint pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and dismissed plaintiff's complaint without prejudice and with leave to amend the complaint.

Plaintiff timely filed an amended *pro se* complaint, in which she, *inter alia*, added defendants Principal Resnick, Renal Piton, Matt Guttman, Santiago Taveras, Lori Mastramauro, Judy Rivera, Donna Dennis and Esther Anthinez (collectively, and together with the DOE, "the DOE defendants"); Randi Weingarten and Patricia Crispino (collectively, "the UFT defendants");

1

and Eric Lawson ("Lawson")[1]. By order dated January 19, 2010, I: (1) granted the branch of Lawson's motion seeking dismissal of the amended complaint as against him and dismissed the amended complaint as against Lawson with prejudice as barred by the doctrine of absolute immunity; and (2) *sua sponte* dismissed (a) all claims against Rivera and Mastramauro and (b) certain of plaintiff's other claims against the remaining defendants. Plaintiff subsequently retained counsel to represent her in this action and voluntarily withdrew her remaining claims against the UFT defendants.

By order dated July 15, 2010, I: (1) granted the branches of the DOE defendants' motion seeking dismissal of plaintiff's FLSA, NLRA, NYSHRL, NYCHRL and remaining Section 1983 due process claims and dismissed those claims (fourth, sixth, seventh and parts of fifth and eighth claims for relief, respectively) in their entirety with prejudice; (2) granted the branches of the DOE defendants' motion seeking dismissal pursuant to Rule 12(b)(6) of plaintiff's ADEA and Title VII claims to the extent those claims are based upon conduct occurring in and after January 2007 and dismissed so much of plaintiff's ADEA and Title VII claims (first, second and parts of fifth claims for relief) as are based upon conduct occurring in and after January 2007 with prejudice for failure to exhaust administrative remedies and/or as barred by the doctrine of collateral estoppel, and otherwise denied those branches of the DOE defendants' motion; (3) granted the branch of the DOE defendants' motion seeking dismissal of plaintiff's Section 1983 claim on the basis of collateral estoppel to the extent of dismissing so much of plaintiff's Section 1983 claims as are based upon the substance of the disciplinary charges sustained against her, her

---

[1] Although plaintiff also named Lee Murnick in the amended complaint she filed on September 21, 2009, she was subsequently granted leave to withdraw that amended complaint and to substitute another amended complaint which, *inter alia*, omits Murnick, in its stead.

dismissal from the Mentoring Program, Taveras's investigation of the October incident, Taveras's finding of her guilt for filing a false police report, her four (4) month suspension without pay and the procedures employed during the Section 3020-a hearing, with prejudice as barred by the doctrine of collateral estoppel, and otherwise denied that branch of the DOE defendants' motion; (4) granted the branch of the DOE defendants' motion seeking dismissal of plaintiff's Monell claim against the DOE and dismissed that claim with prejudice except to the extent that it is based upon the DOE's assignments to the TRC pending resolution of disciplinary charges; (5) dismissed plaintiff's remaining Section 1983 equal protection claims in their entirety except to the extent based upon the "excessing" of plaintiff's regular teaching position and her reassignment as an ATR; (6) otherwise denied the DOE defendants' motion; and (7) denied plaintiff's cross motion for summary judgment in its entirety.

The DOE defendants now move: (1) for reconsideration of the July 15, 2010 order to the extent that it denied dismissal of the Monell claim against the DOE in its entirety; (2) for dismissal of the remaining First Amendment retaliation claim as against Dennis and Anthinez; and (3) for "clarification" of the Court's ruling that the initiation of disciplinary charges against plaintiff in 2005 remains as a claim against the DOE. Plaintiff moves: (1) in effect, for reconsideration of so much of the January 19, 2010 order as dismissed the amended complaint in its entirety as against Rivera and for leave to amend the amended complaint "to restore" Rivera as a defendant; and (2) for reconsideration of so much of the July 15, 2010 order as dismissed part of her Monell claim against the DOE. For the reasons set forth herein, the DOE defendants' motion for reconsideration of the July 15, 2010 order is granted; the DOE defendants' motion seeking, *inter alia*, "clarification" of the July 15, 2010 order and dismissal of the remaining

3

claims against Dennis and Antinez is denied; and plaintiff's motion is denied.

I.   Discussion

   A.   Reconsideration

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, *inter alia*, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion. . . . There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," Goldberg v. UBS AG, 690 F.Supp.2d 92, 96 (E.D.N.Y. 2010); T.Z. v. City of New York, 634 F.Supp.2d 263, 268 (E.D.N.Y. 2009), "so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Hinds County, Miss. v. Wachovia Bank N.A. ___ F.Supp.2d ___, 2010 WL 1727965, at * 17 (S.D.N.Y. Apr. 26, 2010).

In determining a motion for reconsideration, the court should consider: (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. See Hinds County, ___ F.Supp.2d ___, 2010 WL 1727965, at * 16; In re Zyprexa Products Liability Litigation, 653 F.Supp.2d 181, 182 (E.D.N.Y. 2009) (citing Doe v. New York City Dep't of Social Services, 709 F.2d 782, 789 (2d

Cir. 1983)); see also U.S. v. Carr, 557 F.3d 93, 102 (2d Cir. 2009), cert. denied, 130 S.Ct. 169, 175 L.Ed.2d 239 (2009). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See U.S. Gas & Elec., Inc. v. Big Apple Energy, LLC, ___ F.Supp.2d ___, 2010 WL 1438820, at * 3 (E.D.N.Y. Apr. 10, 2010); Gottlieb v. Carnival Corp., 635 F.Supp.2d 213, 215 (E.D.N.Y. 2009).

1. Monell Claim

   a. The DOE Defendants' Motion

In the July 15, 2010 order, I declined to dismiss plaintiff's Monell claim to the extent it was based upon allegations regarding the DOE's assignments to the TRC. The DOE defendants contend that this was erroneous because I had previously and/or simultaneously dismissed all of plaintiff's Section 1983 claims against the DOE defendants alleging constitutional violations with the exception of: (1) the equal protection claim based solely upon plaintiff's allegation that she had been "excessed" from her regular teaching position; and (2) the First Amendment retaliation claim which is based solely upon plaintiff's allegations that Dennis and Anthinez falsified her timesheets and withheld her pay following the publication of a Daily News article for which plaintiff was interviewed. Therefore, plaintiff cannot show "an injury to a constitutionally protected right," Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008), based upon her assignment to the TRC and, thus, she cannot state a viable Monell claim against the DOE. Id. Accordingly, the branch of the DOE defendants' motion seeking reconsideration of so much of the July 15, 2010 order as declined to dismiss plaintiff's Monell claim against the DOE is granted and, upon reconsideration, plaintiff's Monell claim against the DOE is dismissed in its entirety.

5

### b. Plaintiff's Motion

Although plaintiff requests additional time within which to seek reconsideration of the July 15, 2010 order, the trial of this action is scheduled to commence on July 21, 2010 and plaintiff sets forth the basis for her request for reconsideration of the dismissal of her Monell claim against the DOE, i.e., that Monell claims "have [been] applied to school superintendents, that Judith Rivera is at that level; [and] that Donna Dennis and Ester Antinez are [Rivera's] direct subordinates and receive all direction from her and do not act independently."

Plaintiff's contention is without merit. Plaintiff alleges that at all relevant times, Rivera was the deputy director for human resources for the DOE, (Plaintiff's Letter Motion dated July 18, 2010 [Plf. Mot.], p. 2), not a school superintendent. Thus, whether or not a New York City school superintendent may be considered a final decision-making official under certain circumstances is irrelevant. As a deputy director, Rivera was not a high-ranking official with "final authority over significant matters," Rivera-Powell v. New York City Board of Elections, 470 F.3d 458, 465-6 (2d Cir. 2006), sufficient to sustain a Monell claim against the DOE. Accordingly, the branch of plaintiff's application seeking reconsideration of so much of the July 15, 2010 order as dismissed her Monell claims against the DOE is denied.

### 2. "Clarification" of July 15, 2010 Order

The DOE defendants request "clarification" of my ruling that plaintiff's retaliation claims remain as against the DOE with respect to the initiation of disciplinary charges against plaintiff in 2005. In effect, the DOE defendants are seeking reconsideration of that ruling on the basis that the substantiation of the seven (7) disciplinary charges against plaintiff precludes a finding that

the disciplinary charges were initiated against her in retaliation for her complaints of discrimination.

As set forth more fully in the July 15, 2010 order, plaintiff's retaliation claims are analyzed under the burden-shifting framework established by the Supreme Court in McDonnell Douglas, 411 U.S. 792, 93 S.Ct. 1817, pursuant to which the plaintiff must establish a prima facie case of retaliation; following which the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for its actions; following which the plaintiff must establish by a preponderance of the evidence that the defendant's proffered reason was merely a pretext for retaliation. Id., at 804, 93 S.Ct. 1817. For purposes of this motion, the parties do not dispute my findings that plaintiff has established a prima facie claim for retaliation and that Lawson's findings, *inter alia*, that plaintiff was guilty of seven (7) of the disciplinary charges initiated against her is preclusive evidence of the DOE's non-retaliatory reasons for, *inter alia*, the initiation of the charges against plaintiff.

Nonetheless, under Title VII, in order to demonstrate pretext, a plaintiff need only establish that a retaliatory motive played a part in the alleged adverse employment action, even if it was not the sole cause. See Ibok v. Securities Industry Automation Corp., 09-1930-cv, 2010 WL 808065, at * 2 (2d Cir. Mar. 10, 2010) (summary order); Hicks, 593 F.3d at 164; Malacarne v. City University of New York, 289 Fed. Appx. 446, 447 (2d Cir. Aug. 8, 2008) (summary order). Absent evidence that the issue of retaliation was actually litigated and necessarily decided by Lawson during the Section 3020-a hearing, Lawson's substantiation of the seven (7) disciplinary charges against plaintiff does not preclude a finding that the charges were initiated against plaintiff, in some part, as retaliation for her complaints of discrimination. See, e.g.

7

Burkybile v. Board of Education of Hastings-on-Hudson Union Free School District, 411 F.3d 306, 313 (2d Cir. 2005) (declining to take the plaintiff's constitutional claims as decided, for the purposes of collateral estoppel, where the record did not reflect that any of those claims were raised in the Section 3020-a hearing); Morey v. Somers Central School District, 06 Civ. 1877, 2007 WL 867203, at * 6-7 (S.D.N.Y. Mar. 21, 2007) (finding that the substantiation of charges is not inconsistent with a finding that the defendants were motivated in some part by retaliation). Indeed, the charges against plaintiff "might have been sustained even if they were animated by * * * retaliation." Id. (quoting Beechwood Restorative Care Center v. Leeds, 436 F.3d 147, 153 (2d Cir. 2006)). Thus, as set forth in the July 15, 2010 order, although Lawson's substantiation of the disciplinary charges against plaintiff may be evidence of the DOE defendants' non-retaliatory reasons for the initiation of the charges against plaintiff, the issue of whether those non-retaliatory reasons was pretextual, i.e., whether a retaliatory motive played some part in motivating those adverse actions, is not precluded and remains a genuine dispute of a material fact raising an issue for trial.[2]

    3.    Section 1983 Claims against Rivera

In the January 19, 2010 order, plaintiff's Section 1983 claims against Rivera were *sua sponte* dismissed as frivolous because plaintiff failed to plead any factual allegations plausibly

---

[2] However, as set forth in the July 15, 2010 order, given Lawson's finding that plaintiff was guilty of seven (7) of the disciplinary charges initiated against her relating, *inter alia*, to incompetence, insubordination, defiance, unprofessionalism and misconduct, which is entitled to preclusive effect, as a matter of law plaintiff cannot establish that but for her complaints of age discrimination, the DOE defendants would not have initiated disciplinary charges against her. Accordingly, the July 15, 2010 order dismissed so much of plaintiff's ADEA retaliation claim as is based upon the initiation of disciplinary charges against her in 2005.

suggesting the personal involvement of Rivera in any of the purported constitutional violations. See, e.g. Johnson v. Barney, No. 07-5597-pr, 2010 WL 93110, at * 1 (2d Cir. Jan. 12, 2010) (finding that the plaintiff's claims against the Superintendent failed as a matter of law because the plaintiff failed to plead sufficient personal involvement on the Superintendent's part); Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 122 (2d Cir. 2004) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") Plaintiff never sought leave to amend the amended complaint to replead her Section 1983 claims against Rivera in the intervening seven (7) months.

Plaintiff's application, in effect, seeks reconsideration of that branch of the January 19, 2010 order dismissing the amended complaint in its entirety as against Rivera. However, since plaintiff's application is dated July 18, 2010, more than fourteen (14) days after the date the January 19, 2010 order was entered, her application is denied as untimely.

In any event, in light of plaintiff's inordinate delay in seeking leave to amend, and because this action has been pending for three (3) years and plaintiff waited until the eve of trial to seek such relief, plaintiff's application for leave to amend her amended complaint to replead her Section 1983 claims against Rivera is denied. See, e.g. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (affirming denial of leave to amend based upon the inordinate delay in seeking such relief, i.e., nearly two years had elapsed between the time the original complaint had been filed and the motion seeking leave to amend and the defendant had moved for summary judgment).

      B.      Dismissal of Claims against Dennis and Antinez

The DOE defendants seek dismissal of the remaining claims against Dennis and Antinez based upon plaintiff's responses to their interrogatories with respect to the falsification of her timesheets. However, since genuine disputes of material facts exist with respect to this claim, (see, e.g. Plf. Mot., pp. 1-2), this branch of the DOE defendants' motion is denied.[3]

III.   Conclusion

For the reasons stated herein, the DOE defendants' motion for reconsideration of the July 15, 2010 order is granted; the branches of the DOE defendants' separate motion seeking "clarification" of the July 15, 2010 order and dismissal of the remaining claims against Dennis and Antinez are denied; and plaintiff's motion is denied.

SO ORDERED.

___/s/_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 20, 2010
       Central Islip, N.Y.

---

[3] Moreover, the DOE defendants have not properly moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and I cannot consider extrinsic material on a motion to dismiss on the pleadings pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.